[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10581
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00446-JES-DNF

PABLO BAUER,

Plaintiff-Appellant,

versus

DR. KRAMER,
NURSE BOCCIO,
NURSE T. GILSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 25, 2011)

Before CARNES, ANDERSON, and BLACK, Circuit Judges.

PER CURIAM:

Pablo Bauer, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims against Dr. Kramer, Nurse Teri Gilson, and Nurse Michael Boccio, who provided medical care to Bauer while he was incarcerated at the Charlotte Correctional Institution. Bauer contends that the district court erred by dismissing his claims against Gilson for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] He asserts that Gilson violated his rights under the Eighth and Fourteenth Amendments when she forcibly and punitively gave him the anti-psychotic medication Haldol without "side effect" medication.

We review de novo a district court's decision to dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment." Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001) (en

---

[1] Bauer's claims against Kramer and Boccio were dismissed for failure to effect service of process under Fed. R. Civ. P. 4(m). The district court first directed Bauer to complete service of process forms for all the defendants on June 11, 2008. In an April 14, 2009 opinion and order, the court warned Bauer that Kramer and Boccio still had not been served and that it was his responsibility to find new addresses for the United States Marshal to re-attempt service of process. Bauer failed to do so. On January 13, 2010, the court dismissed Bauer's claims against those two defendants under Rule 4(m) and denied Bauer's motion for leave to file a third amended complaint. Bauer did not challenge those rulings in his initial brief to this Court, so those issues have been abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (holding that an appellant, even when proceeding pro se, abandons an issue if he fails to raise it in his initial brief).

2

banc). Under the Due Process Clause of the Fourteenth Amendment prisoners have "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." Washington v. Harper, 494 U.S. 210, 221–22, 110 S.Ct. 1028, 1036 (1990); see also United States v. Diaz, 630 F.3d 1314, 1319 n.3 (11th Cir. 2011). The Supreme Court has held, however, "that, given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Washington, 494 U.S. at 227, 110 S.Ct. at 1039–40. The Court also observed that, in applying that rule, "an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge." Id. at 231, 110 S.Ct. at 1042.

The decision to medicate with Haldol and which, if any, additional medication to administer for side effects, was made by Dr. Kramer, not Nurse Gilson. It is undisputed that on two occasions, January 8, 2008 and January 17, 2008, Dr. Kramer prescribed a shot Haldol for Bauer, and Nurse Gilson

administered one of those shots under the doctor's orders.[2]  Bauer's second

amended complaint asserts that Dr. Kramer "order[ed] the unnecessary and

unjustified shots on both occasions."  The only allegation made against Gilson is

that she "influenced" Dr. Kramer to prescribe the medication.  Bauer asserts that

his injuries were caused by "the infliction of the antipsychotic medication (Haldol)

without side effect medication," which caused him to suffer side effects, pain and

suffering, and permanent damage.

A doctor's decision about the type of medicine that should be prescribed is

generally "a medical judgment" that is "an inappropriate basis for imposing

liability under section 1983."  Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir.

1995); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Mere

medical malpractice, however, does not constitute deliberate indifference.  Nor

does a simple difference in medical opinion.").  As we have already mentioned, it

is undisputed that Dr. Kramer prescribed the medication in the present case.

Nurse Gilson was not deliberately indifferent when she carried out Dr.

Kramer's medical orders by administering the prescribed medication.  In fact, the

opposite is true—if she had ignored the doctor's orders and had not administered

---

[2]The other shot was administered by Nurse Boccio, who was dismissed from the case based on Bauer's failure to effect service under Rule 4(m).  See supra n.1.

4

the medication, she might have been deliberately indifferent to Bauer's medical needs. See Young v. City of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1170–71 (11th Cir. 1995) (explaining that if "[the inmate] did not receive medication as prescribed," that could "lead to a finding that her rights were violated."); see also Aldridge v. Montgomery, 753 F.2d 970, 972 (11th Cir. 1985) (explaining that a plaintiff may establish that prison officials are deliberately indifferent by showing that they have "intentionally interfer[ed] with the treatment once prescribed") (quoting Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 291 (1976)). A nurse is not deliberately indifferent when she reasonably follows a doctor's orders by administering prescribed medication to an inmate. Bauer makes only a vague allegation that Gilson "influenced" Kramer to prescribe the medication, and he has not alleged facts showing that it was objectively unreasonable for Gilson to follow Kramer's medical orders. Thus, Bauer has failed to state a claim for § 1983 liability against Gilson.

**AFFIRMED.**