[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10849
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60817-RSR

GEORGE R. SIMPSON,

Plaintiff-Appellant,

versus

RANDAL JAMES HAMILTON
ZWINGE, a.k.a. James Randi,
D. J. GROTHE, President of James
Randi Educational Foundation,
JAMES RANDI EDUCATIONAL
FOUNDATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 25, 2013)

Before BARKETT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

George Simpson, proceeding *pro se*, appeals the dismissal of his breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  On appeal, Simpson contends the district court wrongly concluded his complaint failed to establish the creation of a valid contract with the James Randi Educational Foundation (JREF).   He claims he submitted a valid application for JREF's "One Million Dollar Challenge," which sought demonstrations of "psychic, supernatural, or paranormal abilities," and that the district court incorrectly found Simpson's application to be invalid because he failed to describe a sufficiently paranormal ability for JREF to test.

We review a district court ruling on a Rule 12(b)(6) motion *de novo*.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true.  *Hill*, 321 F.3d at 1335.  Further, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

2

of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

The breach of contract claim was properly dismissed. The *pro se* complaint, even when construed liberally, does not plead enough facts to establish a valid contract. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (stating that to prove the existence of a valid contract under Florida law, a plaintiff must plead facts showing offer, acceptance, consideration, and sufficient specification of the essential terms). Simpson did not plead sufficient facts to establish acceptance of JREF's website advertisement for its One Million Dollar Challenge, which required Simpson to fully demonstrate his paranormal ability under "satisfactory observation." *See United States v. Chandler*, 376 F.3d 1303, 1312 (11th Cir. 2004) (noting that the rules of a private contest represent an offer for a unilateral contract, and that such offer may be accepted by fully performing all the contest's terms and conditions). At most, Simpson's application referenced his prior acts of decryption, which were not performed under JREF's observation. Moreover, although Simpson refers to his application and his correspondence with JREF as "acceptance," labeling them as such is merely conclusory and does not meet Rule 8's pleading standards. *Twombly*, 127 S. Ct. at 1964-65. Accordingly, we affirm the district court's dismissal of the breach of contract claim.

**AFFIRMED.**

3