**Lonnie J. HILL, Plaintiff–Appellant,**

v.

**Thomas E. WHITE, Secretary of the Army, Defendant–Appellee.**

**No. 02–14736**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 2003.

Howell Roger Riggs, Jr., Huntsville, AL, for Plaintiff–Appellant.

Jenny Lynn Smith, Birmingham, AL, Patrick B. Kernan, U.S. Army, Arlington, VA, for Defendant–Appellee.

Before DUBINA, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

Lonnie J. Hill, a civilian employee of the United States Army at Redstone Arsenal, Alabama, filed suit against the Secretary of the Army seeking front and back pay, damages and attorney fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. He alleges that he was discriminated against on the basis of his age and that, as a result, he was deprived of his security clearance status at the installation. The defendant moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or alternatively for summary judgment. The district court granted the motion. Plaintiff appeals. We affirm.

 We review *de novo* the district court's grant of a motion to dismiss under

12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. · *See, Monzon v. U.S.,* 253 F.3d 567, 569–70 (11th Cir.2001). We review *de novo* a district court's grant of summary judgment. *See, Walker v. Prudential Property & Cas. Ins. Co.,* 286 F.3d 1270, 1273 (11th Cir.2002).

The plaintiff alleges that his supervisor initiated disciplinary proceedings against him for charges that he says were false and frivolous and motivated by a desire to discriminate against him because of his age.[1] Plaintiff was suspended for three days pursuant to a final administrative decision. He was required to undergo a mental evaluation and then his security clearance was suspended. Plaintiff says he does not challenge the decision to suspend his security clearance. He challenges instead the initiation of the security clearance investigation, claiming it was improperly motivated by discrimination.

 The district court held that plaintiff's challenge is not within the jurisdiction of the courts. The same challenge was made by a civilian employee of the United States Navy in *Becerra v. Dalton,* 94 F.3d 145 (4th Cir.1996), *cert. denied,* 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997). There the employee claimed the instigation of a security check that led to revocation of his security clearance constituted impermissible retaliation against him for filing an EEOC complaint. The Fourth Circuit stated: "[the] distinction between the initiation of a security investigation and the denial of a security clear-

---

1. Plaintiff's complaint also alleges the Defendant engaged in reprisal because plaintiff was denied a civilian personnel appraisal and that he was not assigned work because of his age. The district court dismissed these claims for lack of jurisdiction on grounds that the plaintiff had not exhausted his administrative remedies. The plaintiff does not challenge the district court's dismissal of these claims and they are not presently before us.

ance is a distinction without a difference." *Id.* at 149. We agree.

The United States Supreme Court has made clear that a decision concerning the issuance or non-issuance of security clearance is a matter within the purview of the executive and not to be second-guessed by the judiciary unless Congress has specifically provided otherwise. *Department of the Navy v. Egan,* 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). To review the initial stages of a security clearance determination is to review the basis of the determination itself regardless of how the issue is characterized.

The district court properly identified and decided the issue in this case.

AFFIRMED.