[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 05-15402 & 05-16523

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01662-CV-AR-S

ANGIE CARTER,
d.b.a. Fairview Video,
MARY HALL, et al.,

Plaintiffs-Appellants,

versus

MGA, INC., and all Holding
Companies and Affiliated Entities
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC. (UPS),
SELECT MEDIA SERVICES, LLC, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(July 13, 2006)**

Before EDMONDSON, Chief Judge, and DUBINA and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs Angie Carter, Mary Hall, Maurice King, and William Harris appeal the district court's dismissal under Rule 12(b)(6) of their civil RICO claim. No reversible error has been shown; we affirm.

We review de novo the district court's grant of the motion to dismiss under 12(b)(6), accepting the factual allegations in the complaint as true and construing them in the light most favorable to Plaintiffs. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Plaintiffs are the owners of video rental stores in Alabama. Plaintiffs sell and rent only nonpornographic materials. Defendant Movie Gallery, successor in interest to M.G.A., Inc., sells and rents pornographic and nonpornographic materials. Defendants Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holding produce pornographic movies. Defendant UPS transported in interstate commerce pornographic materials from these companies to Movie Gallery. Defendant Select Media sold pornographic magazines to Movie Gallery.

Plaintiffs allege that Defendants violated 18 U.S.C. 1962(c)-(d)[1] by conspiring to distribute and by actually distributing obscenity and by using the

---

[1] Plaintiffs did not actually state that Defendants violated section 1962(c) in the complaint, but instead that Defendants violated 1462(c). As the text of that paragraph seemed to indicate section 1962(c) was intended, we will address that claim.

proceeds of that distribution to allow Movie Gallery to sell and to rent nonpornographic materials at a price less than Plaintiffs were able to sell and rent nonpornographic materials.

To state a claim for violation of section 1962(c), Plaintiffs must allege facts showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994) (quoting Sedima S.P.R.L. v. Imrex Co., 105 S.Ct. 3275, 3285 (1985). A pattern of racketeering activity is defined as two predicate acts committed within a ten-year period. Green Leaf Nursery v. E.I. DuPont De Nemours Co., 341 F.3d 1292, 1306 (11th Cir. 2003). Plaintiffs alleged that Defendants violated two federal obscenity statutes, 18 U.S.C. §§ 1462 and 1465, on 27 September 2004 and 22 October 2004. Both violation of the statutes are identified as predicate acts in 18 U.S.C. 1961.[2]

Plaintiffs must allege facts sufficient to show a violation of these obscenity statutes to survive a motion to dismiss. See Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1997) ("In order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.").

---

[2]Plaintiffs also alleged that Defendants violated 18 U.S.C. § 1466, but this statute is not listed in 18 U.S.C. § 1961 as a possible predicate act.

Plaintiffs, however, did not allege facts that would show -- or create a reasonable inference -- that the pertinent materials were obscene. The only facts Plaintiffs state about the pertinent materials are their titles. These titles create a reasonable inference that at least some of the materials were pornographic but are insufficient to create a reasonable inference that the materials were obscene. Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Therefore, the district court properly dismissed the section 1962(c) claim.

Section 1962(d) makes it illegal to conspire to violate a substantive RICO provision. To state a claim under this section, Plaintiffs must allege facts to support an agreement to violate a substantive provision of the RICO statute. Jackson v. Bell South Telecomm., 372 F.3d 1250 (11th Cir. 2004). But Plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss. Therefore, the section 1962(d) claims were properly dismissed.

Plaintiffs argue that they were held to a higher standard of pleading than that required by Federal Rule of Civil Procedure 8. But the district court never said it applied a higher standard to RICO pleadings, and Defendants never argued that a higher standard should be used. As discussed above, Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8.

AFFIRMED.