[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 8, 2008
THOMAS K. KAHN
CLERK

No. 08-10051
Non-Argument Calendar

_____

D. C. Docket No. 06-00886-JEC-1

MARK HENRY ROY,
a Minor, By his Father and Next Friend, Sony Roy,
SONY ROY, Individually,

Plaintiffs-Appellants,

versus

FULTON COUNTY SCHOOL DISTRICT,
VICKI DENMARK,
Individually and In her Capacity as Area
Superintendent,
RONALD C. TESCH,
Individually and in his Capacity as Principal,
JERI GROVES,
Individually and in her Capacity as Assistant
Principal,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 8, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Sony Roy, individually and as next friend of his son, Mark Henry Roy, (collectively, the "Roys"), appeals the district court's dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of their lawsuit against the Fulton County School District and several individual defendants (collectively, the "Defendants"), alleging, among other things, due process and equal protection violations arising from Mark's eight-day suspension from school. On appeal, the Roys argue that the district court erred in: (1) dismissing his due process claim, on the ground that the complaint sufficiently alleged that the Defendants did not give an adequate explanation of the evidence against Mark; and (2) dismissing his equal protection claim, on the ground that the complaint sufficiently alleged that Mark was treated differently than a similarly situated party because of his race. After thorough review, we affirm.

We review de novo the district court's grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

First, we find no merit to the Roys' contention that the district court erred in dismissing their due process claim. In Goss v. Lopez, 419 U.S. 565 (1975), the

Supreme Court held that students who are entitled to a free public education under state law have a property interest in attending school, and thus, that school suspension decisions implicate the procedural protections of the Fourteenth Amendment. Id. at 572-74. To satisfy these requirements, Goss established that "when a student is suspended for fewer than ten days, the process provided need consist only of '[1] oral or written notice of the charges against him and, if he denies them, [2] an explanation of the evidence the authorities have and [3] an opportunity to present his side of the story.'" C.B. By and Through Breeding v. Driscoll, 82 F.3d 383, 386 (11th Cir. 1996) (quoting Goss, 419 U.S. at 581). Construing Goss, we have said that "[t]he dictates of Goss are clear and extremely limited: Briefly stated, once school administrators tell a student what they heard or saw, ask why they heard or saw it, and allow a brief response, a student has received all the process that the Fourteenth Amendment demands." C.B., 82 F.3d at 386.

Here, based on the allegations in the Roys' complaint, the Defendants have satisfied the requirements of Goss. First, the Defendants gave Mark notice of the charges against him when they questioned him on November 2, 2005, regarding the accusations of theft. They also gave Sony notice of the charges against his son on November 2, 2005. Second, during these discussions, the Defendants informed

3

the Roys of the evidence in their possession against Mark, including the allegation that he had stolen an MP3 player from a locker. Third, after explaining the evidence and allegations, the Defendants took Mark's written statement, giving him an opportunity to refute the charges against him. These procedures, as detailed in the complaint, are sufficient for purposes of due process. Indeed, as we have observed, Goss requires nothing more. C.B., 82 F.3d at 386. The district court therefore did not err in dismissing this claim.

We likewise reject the Roys' argument that the district court erred in dismissing their equal protection claim. To state a selective-enforcement claim like the Roys' under the Equal Protection Clause, a plaintiff must allege that: (1) he was treated differently from other, similarly situated individuals, and (2) "the defendants unequally applied [school policy] for the purpose of discriminating against [the plaintiff]." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998); accord Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006).

However, the Roys' complaint does not satisfy this test, because nowhere in the complaint do the Roys allege that Mark was similarly situated with any other parties. Although the complaint does describe Mark as "the black student" and J.B., the other student involved in the events of November 2, 2005, as "the white

4

student," it also details the differences between the two students' situations: (1) J.B. admitted to stealing the MP3 player, while Mark denied knowing the player was stolen; and (2) the Defendants found "a stolen cell phone" in Mark's possession and "many students [had] told [the Defendants] that Mark has offered them Ipods for sale before," while no allegations to this effect were made with respect to J.B. In light of these allegations, it is clear that Mark and J.B. were not similarly situated, and as a result, the Roys have not established the necessary elements of an equal protection violation. The district court therefore did not err in dismissing this claim.

**AFFIRMED.**