[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10189
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-21169-CV-KMM

SAMUEL PUTERMAN, individually and for all
those similarly situated, et al.,

Plaintiffs,

MARCELLA CORDOVA,
JORGE FLORES,
HENRY IURMAN,
MARCOS MUSTIELES,
KATIA OCAMPO, et al.,

Plaintiffs-Appellants,

versus

LEHMAN BROTHERS, INC., a New York corporation,
MERRILL LYNCH & CO., INC.,
RAYMOND JAMES FINANCIAL SERVICES, INC.,
OLIVA INVESTMENT GROUP, INC., et al.,

Defendants,

LUIS M. CORNIDE,
SUNTRUST BANKS, INC., a Georgia Corporation,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2009)

Before EDMONDSON, Chief Judge, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs in this class action securities fraud suit appeal the dismissal of their case for failure to state a claim, Fed.R.Civ.P. 12(b)(6). We affirm the district court's dismissal on Defendant SunTrust Banks, Inc. ("SunTrust"); but we vacate and remand for additional proceedings on Defendant Luis M. Cornide.[1]

Plaintiffs, a group of investors, originally named SunTrust as a defendant in their first amended complaint, filed on 22 June 2005. A second amended complaint alleged a massive fraud perpetuated by Pension Fund of America ("PFA") that the financial institution Defendants knew of and participated in by allowing PFA to continue using Defendants' names, logos, and corporate reputations. According to Plaintiffs, SunTrust's role in the fraud included approval of solicitation materials, knowledge that PFA was "diverting investor funds

_____

[1]Plaintiffs' suit involved several financial institutions as Defendants. But after filing their notice of appeal, Plaintiffs moved to dismiss the appeal on the remaining financial-institution Defendants. So, the present appeal concerns the district court's dismissal of the second amended complaint only for SunTrust and Cornide.

2

contrary to promises made to investors," knowledge of inconsistencies between SunTrust's master agreement with PFA and its trust agreements with individual investors, and sending "false and misleading information to investors" about the safety of PFA's investments. Plaintiffs alleged that SunTrust's acts violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and SEC Rule 10b-5. The second amended complaint also noted that on 28 February 2003, 14 PFA investors had filed a lawsuit in state court against PFA, SunTrust, and Lehman Brothers for breach of fiduciary duty.

SunTrust attached a copy of the February 2003 state complaint to their motion to dismiss, which revealed that one of the plaintiffs -- Marcos Mustieles -- was a class plaintiff in the instant case. The district court granted the motion to dismiss, concluding that Plaintiffs' claims were barred by the two-year statute of limitations. The court determined that Plaintiffs had actual notice of their claims against SunTrust on 28 February 2003 and had inquiry notice before the February 2003 lawsuit.

On appeal, Plaintiffs argue that the district court erred in dismissing their suit against SunTrust based on the statute of limitations. They contend that (1) the February 2003 state lawsuit was directed only at PFA, (2) SunTrust was not added as a defendant until an amended complaint filed within the limitations period on 16

3

June 2003, and (3) even if Plaintiffs did sue SunTrust in February 2003, they were not on inquiry notice that SunTrust had violated federal securities laws when the state complaint alleged only breach of contract against PFA.

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim; we accept the allegations in the complaint as true and construe them in the light most favorable to Plaintiffs. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). And we review "the district court's interpretation and application of statutes of limitations de novo." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1278 (11th Cir. 2005).[2]

A private claim of securities fraud must be brought by the earlier of (1) two years after "the discovery of the facts constituting the violation," or (2) five years after the violation. 28 U.S.C. § 1658(b). "[D]iscovery of facts evidencing securities misconduct occurs" -- and the statute of limitations begins to run -- "when a potential plaintiff has inquiry or actual notice of a violation." Tello, 410 F.3d at 1283 (internal quotations omitted). Inquiry notice means "knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed"; and such notice is triggered by evidence of the

---

[2]"Dismissal under [Rule] 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." Tello, 410 F.3d at 1288 (internal quotation omitted).

possibility of fraud.  Id.; Theoharous v. Fong, 256 F.3d 1219, 1228 (11th Cir. 2001) (explaining that a plaintiff need not have fully discovered the nature and extent of the fraud before being on notice).

The district court based its statute of limitations ruling on the statements in the second amended complaint about the February 2003 state lawsuit against PFA, SunTrust, and Lehman Brothers.  These statements indicate that Mustieles had knowledge in February 2003 of facts underlying a fraudulent scheme perpetuated by PFA and of which several financial institutions were a part.  This knowledge created a duty for Mustieles to investigate the extent of the fraud and the identities and roles of the other parties.  Therefore, the two-year limitations period began to run -- at the latest -- on 28 February 2003 and expired on 28 February 2005, two months before the original federal complaint was filed and almost four months before SunTrust was added as a defendant in the first amended complaint on 22 June 2005.  It was apparent from the face of the complaint, with reference to the named plaintiff in the February 2003 lawsuit, that the instant suit was time-barred.[3]

Plaintiffs' argument that they did not have inquiry notice until SunTrust was

---

[3]Inquiry notice, a fact question, generally is inappropriate for resolution on a Rule 12(b)(6) motion.  Tello, 410 F.3d at 1283.  But here, although the district court referred to a public document mentioned in, but not attached to, the complaint, such limited review of outside material was permissible to determine the factual issue of inquiry notice on a motion to dismiss. See Tello v. Dean Witter Reynolds, Inc. (Tello II), 494 F.3d 956, 967, 975 (11th Cir. 2007).

formally named in the state lawsuit in an amended complaint filed in June 2003 is unavailing: the duty to investigate arose when Mustieles knew of PFA's fraud and the involvement of financial institutions. And the district court's statute of limitations ruling applied to all financial institution Defendants, not just SunTrust; and not all of these financial institution Defendants were named in the February 2003 or amended June 2003 complaints.[4]

Plaintiffs argue that knowledge of PFA's fraud does not equate knowledge of SunTrust's federal securities fraud, under inquiry notice. The limitations period, however, may begin to run before the extent of the fraud is known. And the Plaintiffs were on notice of PFA's fraud and the relationship between PFA and SunTrust in connection with PFA's investment plans more than two years before the instant suit was filed. Plaintiffs also argue that any notice would apply only to Mustieles's claim, not the claims of other class members. But in class actions, "[i]nquiry notice for determining statute-of-limitations compliance is gauged by the knowledge of the alleged securities fraud by the class representative." Tello II, 410 F.3d at 970.[5]

About Cornide, Plaintiffs alleged that he violated section 10(b) and Rule

---

[4]And the February 2003 complaint names SunTrust in the case caption.

[5]We decline to address Plaintiffs' argument about the date the instant suit commenced because it was raised for the first time in a reply brief. See Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n, 453 F.3d 1309, 1316 n.7 (11th Cir. 2006).

10b-5 as a control person of PFA. He was first named as a defendant in the second amended complaint filed on 13 February 2006. Cornide filed no motion to dismiss. Plaintiffs argue that the case should be remanded for additional proceedings on the claims against Cornide.

We have reviewed de novo sua sponte dismissals under Rule 12(b)(6). Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056-57 (11th Cir. 2007). We have prohibited the sua sponte dismissal of a claim as meritless under Rule 12(b)(6) where the district court did not provide plaintiff with notice of its intent to dismiss or an opportunity to respond. Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526-27 (11th Cir. 1983).

The district court considered several motions to dismiss by financial institution Defendants and dismissed the entire case against all Defendants. But Cornide did not file a motion to dismiss; nor did the court discuss the claims against Cornide or whether the statute of limitations defense applied equally to him. In addition, nothing indicates in the record that the district court gave notice to Plaintiffs that it would consider dismissing their claims against Cornide. See id. (explaining that a court can exercise its inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond). Therefore, we vacate the order of dismissal on the claims

against Cornide and remand for additional proceedings.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.