[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11122
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00028-CDL


REGINALD WILLIAMS,
M.D.,
NICOLE WILLIAMS,

                                                            Plaintiffs-Appellants,

versus

COLUMBUS REGIONAL HEALTHCARE
SYSTEMS, INC.,
DOCTORS HOSPITAL,
MEDICAL CENTER, et al.,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 3, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Reginald Williams, an African-American male, appeals the district court's dismissal of his 42 U.S.C. § 1981 complaint for failure to state a claim. In his complaint, Williams alleged that Columbus Regional Healthcare Systems, Inc., Howard Weldon, Andrew Morley, Scott Hannay, and John Does A-J (collectively, Appellees) intentionally interfered with his right to the full and equal benefit of the laws and his right to contract with third parties on the basis of his race. After review,[1] we affirm the district court.

"To state a claim for non-employment discrimination under § 1981, a plaintiff must allege (1) he is a member of a racial minority, (2) the defendant intended to racially discriminate against him, and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Jimenez v. WellStar Health System*, 596 F.3d 1304, 1308 (11th Cir. 2010). The rights enumerated in the statute include the right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and the right to make and enforce contracts. 42 U.S.C. § 1981(a).

---

[1] We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We accept the allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. *Id*.

Williams contends the Appellees interfered with his equal enjoyment of the laws and proceedings afforded by the hospitals' bylaws in depriving him of his medical staff privileges.  However, we have previously held the suspension of medical staff privileges cannot be challenged in a § 1981 claim because under Georgia law, medical staff bylaws do not create a contractual right to the continuation of those privileges, and physicians do not have a broad property interest in continuing to practice medicine.  *Jimenez*, 596 F.3d at 1309-11.  Thus, Williams' argument is foreclosed by our holding in *Jimenez*, and he cannot allege a § 1981 violation because he has not identified a protected liberty or property interest with which the Appellees interfered.

Additionally, we have previously held that alleging suspension of medical staff privileges does not implicate any contractual relationship, and cannot be the basis of a § 1981 discrimination claim.  *Id*. at 1310.  Thus, Williams' claims of interference with his right to contract all fail because they are predicated on the suspension or revocation of his medical staff privileges.  Because he has no protected contractual interest in the continuation of his hospital staff privileges, he has no cognizable claim that Weldon interfered with his contract with the hospitals at which he worked.  Similarly, he cannot raise a claim that the Appellees interfered with his patient contracts because the Appellees' only action affecting

3

those contracts was the limitation of his medical staff privileges.  Finally, he cannot raise a claim of interference with future employment contracts because such contracts are too speculative.  *See id.*

**AFFIRMED.**