[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15559
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02936-CC

TROY SMITH,

Plaintiff-Appellant,

versus

CH2M HILL, INC.,
OPERATIONS MANAGEMENT, INC.,
CITY OF CHATTAHOOCHEE HILLS, GA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Smith, an African American male, appeals the district court's grant of CH2M Hill, Inc. ("CH2M") and Operations Management, Inc.'s ("OMI") motion to dismiss Smith's complaint, which alleged age discrimination pursuant to the Age Discrimination in  Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).  Smith argues that the district court erred in dismissing his claims because he alleged a *prima facie* case of race and age discrimination.  After careful review, we affirm in part, reverse in part, and remand for further proceedings.

We review the grant of a motion to dismiss *de novo*, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quotations omitted) (discussing the pleading standard in Fed. R. Civ. P. 8(a)(2)). Although detailed factual allegations are not required, the allegations "must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570, 127 S. Ct.

2

at 1964-65, 1974.  This standard requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action.  *Id.* at 555, 127 S. Ct. at 1965.

The Supreme Court clarified the level of specificity required to state a plausible claim for relief, as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

## I.  ADEA

The ADEA prohibits employers from discharging an employee who is at least 40 years of age because of that employee's age.  29 U.S.C. §§ 623(a)(1), 631(a).  To show age discrimination, the plaintiff must prove that age was the "but-for" cause of the challenged decision.  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S. Ct. 2343, 2351 (2009); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013).

Smith alleged that his termination was "substantially motivated" by age.  An age discrimination claim under the ADEA, however, requires that age be the

but-for cause of the termination. Here, Smith did not allege sufficient facts to allow us to reasonably infer that CH2M and OMI violated the but-for standard set forth in the ADEA. *See Gross*, 557 U.S. at 177-78, 129 S. Ct. at 2351; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, we affirm the district court's dismissal of Smith's age discrimination claim.

## II. Title VII

Title VII prohibits employers from discharging an employee on the basis of race. 42 U.S.C. § 2000e-2(a)(1). To allege facts establishing a *prima facie* case of race discrimination under Title VII based on circumstantial evidence, the plaintiff may demonstrate that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).

Here, Smith's allegations are sufficient to state a plausible claim for race discrimination. Smith alleged that he was black. Smith alleged facts revealing his experience and that he was qualified for his work. He also alleged that his termination was substantially motivated by race, that he was replaced by a non-African-American person, and that less-qualified non-African-American persons in his job classification retained their employment with CH2M and OMI when Smith

4

was discharged.  He alleged that he was pressured by city officials to selectively enforce applicable codes in a racially discriminatory manner, in effect enforcing some codes against a black citizen under circumstances substantially similar to a situation in which he had been directed not to enforce these codes against a white citizen.  He also alleged that, after he objected to the discriminatory enforcement, the City demanded that CH2M and OMI remove Smith from his job, and that defendants complied and terminated him with full knowledge of the discriminatory motive.  Smith's allegations provide sufficient factual content to give the defendants notice and to state a plausible claim for relief under *Twombly*.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.  Accordingly, the district court erred in granting CH2M and OMI's motion to dismiss on this claim.

## III.  Conclusion

Accordingly, we affirm the dismissal of Smith's ADEA claim.  However, we reverse and remand to the district court for further proceedings as to Smith's Title VII claim.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**