[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12781
Non-Argument Calendar
_____

D.C. Docket 1:13-cv-02427-RWS

ROBERT A. WESOLOWSKI, et al.,

Plaintiffs-Appellants,

versus

TITLE SOURCE, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 7, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The main issue in this appeal is whether an individual or an entity "actually

performs services" within the meaning of the Real Estate Settlement Procedures

Act, 12 U.S.C. § 2607(b), if the provision of such services is illegal under state law.

Between 2011 and 2013, Robert and Connie Wesolowski refinanced their property three times through Quicken Loans.  For all three closings, Quicken Loans contracted with Title Source, a vendor management company, to perform settlement services, including conducting the title search, reviewing the title examination, preparing the settlement statement, and recording the deeds.  Title Source hired Cook & James to schedule the closing and to retain attorneys to witness the execution of the closing documents.  The Wesolowskis paid $500 in settlement fees for each closing.

Subsequently, the Wesolowskis filed a putative class action against Title Source, Michelle Ruff (in-house counsel for Title Source), and Cook & James, alleging that they split fees for unearned services in violation of §2607(b) of RESPA.  Specifically, the Wesolowskis alleged that (1) because Georgia law requires that settlement services be provided only by Georgia-licensed attorneys, the services performed by Title Source were illegal, and could not constitute "services actually performed" under RESPA, as a matter of law;  (2) Cook & James violated RESPA by providing only nominal services, *i.e.*, retaining attorney-witnesses; and (3) Ms. Ruff performed no services at all.  The Wesolowskis also raised various claims under state law.

2

The defendants moved to dismiss the complaint for failure to state a claim under RESPA. They argued that, because each of them had performed services in relation to the Wesolowskis' closings, there could be no violation of RESPA, even if the provision of such services was illegal under Georgia law. The district court granted the motion to dismiss and declined to exercise supplemental jurisdiction over the Wesolowskis' remaining state law claims. Based on our recent holding in *Clements v. LSI Title Agency, Inc.*, No. 14-11636, 2015 WL 857964 (11th Cir. Mar. 2, 2015), we affirm the dismissal as to two defendants but reverse and remand as to a third.

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We view the complaint in the light most favorable to the plaintiffs, and accept all of the well-pled factual allegations as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). To survive a motion to dismiss a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To plead a violation of § 2607(b) of RESPA, a plaintiff must allege that a defendant received fees in exchange for providing "'no, nominal, or duplicative work.'" *Heimmermann v. First Union Mortg. Corp.*, 305 F.3d 1257, 1263 n.8

3

(11th Cir. 2002). "Where the fee is for services actually rendered, there is no § 2607(b) violation." *Id.* This is so even where the services provided violated state law. *See Clements*, No. 14-11636, 2015 WL 8757964, at *4. We held in *Clements* that arranging for the procurement of a closing attorney is itself a service. *Id.* Based on this precedent, Title Source and Cook & James clearly performed services within the meaning of RESPA, *see* Compl. ¶¶ 34, 36, and thus the district court properly dismissed the claims against them.

With regards to the allegation that Ms. Ruff did not perform any services related to the closing, *see* Compl. ¶ 76, we come to a different conclusion. Although we recognize that under certain circumstances a court may consider documents that are attached to a motion to dismiss without converting that motion into a motion for summary judgment, *see Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), that principle does not apply here. The defendants submitted closing documents to show that Ms. Ruff served, and did work, as the settlement agent during the Wesolowskis' transactions. Those documents, however, are not undisputed, as the incorporated by reference doctrine requires. *See id.* (a "court may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed"). Indeed, the Wesolowskis did not concede the closing documents' authenticity in the district court and the allegations in the complaint directly contradicted the content of those

4

documents. We have held that it is improper to permit defendants to simply "attach [documents] referenced in a . . . complaint to their motions to dismiss and ask courts to consider the contents of those [documents when] they contradict[] the allegations of [a] complaint." *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014). Accordingly, we must accept the Wesolowskis' allegations as true for purposes of the motion to dismiss, and we conclude that they sufficiently stated a claim against Ms. Ruff (who allegedly did no work at all).

For the foregoing reasons, we affirm the dismissal of the claims against Title Source and Cook & James, reverse the dismissal of the claims against Ms. Ruff, and remand to the district court for further proceedings consistent with this opinion.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.