[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14194
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cv-60242-RKA

DARYL BROWN,

Plaintiff-Appellant,

versus

AIR LINE PILOTS ASSOCIATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Daryl Brown, an airline pilot proceeding pro se, appeals the district court's

dismissal of his complaint that raised claims brought under the Railway Labor Act

("RLA"), 45 U.S.C. § 152, and Florida law.  Brown's claims arose out of a collective

bargaining agreement entered into between JetBlue Airways and a union, the Air Line Pilots Association, which contained an agency shop agreement that gave JetBlue authority to fire any pilots who were not members of the union and who failed to pay service charges for the union's representation.  On appeal, Brown argues that the district court abused its discretion in dismissing his complaint as a shotgun pleading and also erred in dismissing his claims on the merits, for failure to state a claim for which relief could be granted.  After thorough review, we affirm.

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a viable claim.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A plaintiff abandons a claim on appeal if he does not include it in his brief.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

Rule 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).   When considering a motion to dismiss, the district court generally must limit "its consideration to the pleadings and exhibits attached thereto."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quotations omitted).

Rule 8(a)(2) provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and alterations omitted).  The complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  While the factual allegations in the complaint need not be detailed, they must state a claim to relief that is plausible on its face.  Id. at 555, 570.  Pro se pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, but they still must suggest some factual basis for a claim.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

So-called "shotgun" pleadings do not provide a short and plain statement of a claim as required by Rule 8.  Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018).  Shotgun pleadings include complaints that: (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015).  Shotgun pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. at 1323.

3

"When a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1254 (11th Cir. 2017) (quotations omitted). However, a district court need not allow for amendment: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment would be futile if "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Evans, 850 F.3d at 1254 (quotations omitted).

The RLA allows employees of carriers to "organize and bargain collectively through representatives of their own choosing." 45 U.S.C. § 152, Fourth. Once a union is formed, that union becomes the exclusive bargaining representative for a class of employees and, thus, owes a duty "fairly and equitably to represent all employees of the craft or class, union and nonunion." Int'l Ass'n of Machinists v. Street, 367 U.S. 740, 761 (1961); see also Steele v. Louisville & N.R. Co., 323 U.S. 192, 200 (1944) (holding that a labor organization must represent all members of a "craft or class of employees . . . regardless of their union affiliations or want of them"). That duty of representation requires the negotiation and administration of

4

collective bargaining agreements, which are expensive endeavors. Street, 367 U.S. at 761-62. To help offset that cost and prevent "free riders," the RLA allows unions to collect fees from non-members of the collective class by way of an agency shop agreement. Id. (quotations omitted); see also 45 U.S.C. § 152, Eleventh. An agency shop agreement is an agreement requiring all employees to join a union and pay union dues. Harris v. Quinn, 573 U.S. 616, 628 (2014). The union must use non-member fees to pay for "negotiating and administering collective agreements, and the costs of the adjustment and settlement of disputes." Street, 367 U.S. at 764.

The union may not, however, use those fees collected from non-members to force "employees, over their objection, to support political causes which they oppose." Id. But even if a union improperly spends non-member fees, it is not an appropriate remedy to suspend the agency shop agreement or prevent the union from collecting fees from an objecting non-member. Id. at 771-74.

An employee class member may be exempted from the non-member service charge if he is denied membership, required to pay fees that are atypical, or is expelled from the union. 45 U.S.C. § 152, Eleventh. However, where a class member has an equal choice to join a union, but chooses not to exercise that choice, he has "no voice in the affairs of the union." N.L.R.B. v. Allis Chalmers Mfg. Co., 388 U.S. 175, 191 (1967).

To maintain a claim in Florida for intentional infliction of emotional distress, a plaintiff must allege conduct so "outrageous" in character and so extreme in degree as to go "beyond all bounds of decency," and to be regarded as "utterly intolerable in a civilized community." Kim v. Chang, 249 So. 3d 1300, 1305 (Fla. Dist. Ct. App. 2018) (quotations omitted). A union may publish a list of non-members in a newsletter. See Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers, AFL-CIO v. Austin, 418 U.S. 264, 283 (1974). In Austin, a union published in its newsletter a list of the names of non-members titled "List of Scabs." Id. at 267 (quotations omitted). The Supreme Court held that the plaintiff -- a non-member "scab" -- could not succeed on a libel suit against the union because the information published "was literally and factually true." Id. at 283 (quotations omitted).

Here, Brown's complaint failed to state a claim for which relief could be granted, so allowing for the amendment of the shotgun nature of his complaint would have been futile. See Evans, 850 F.3d at 1254 (noting that an amendment is futile if a complaint would be subject to immediate dismissal even after amendment).[1] For starters, Brown abandoned any claim concerning the union's initial ratification by

---

[1] When the district court informed Brown that his earlier complaint had failed to incorporate any factual allegations into his claims, it is not clear from the record that Brown was put on notice that, when he amended his complaint, he could not have each count adopt the allegations of all preceding counts. See Jackson, 898 F.3d at 1359. We need not decide whether the district court properly dismissed the amended complaint as a shotgun pleading, however, because, as we'll discuss, it properly dismissed it on futility grounds. See Evans, 850 F.3d at 1254.

not briefing the issue on appeal. See Access Now, 385 F.3d at 1330. Indeed, Brown admitted in district court that he did not timely challenge that ratification.

As for Brown's claim that the union infringed his rights by prohibiting his participation in voting, Brown failed to state a claim for which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The union is not required to allow non-members to vote or participate in its union affairs. Allis Chalmers Mfg. Co., 388 U.S. at 191. Further, the union may collect union fees from non-members to help offset the costs of collective bargaining and prevent free riders -- those employees who take advantage of union benefits but do not contribute to the cost of those benefits. See Street, 367 U.S. at 761-64. Brown failed to allege that he could meet any of the exceptions to non-member fee collection, since he did not allege that: (1) he could not obtain membership in the same manner as all other class members; (2) the union's non-member fees were atypical; or (3) he was expelled from the union. See 45 U.S.C. § 152, Eleventh. Thus, Brown's claim that the union violated his rights by denying him access to voting on union affairs did not state a claim for which relief could be granted.

As for the union's use of non-member fees to pay for political activities, the only relevant claim Brown made in his amended complaint was that he was barred from voting because he objected to the union's use of his fees for political activities. But, under Supreme Court precedent, a claim may be viable if a union, "over the

7

employee's objection, [uses] his money to support political causes which he opposes," Smith, 367 U.S. at 768, not if a union bars an employee from voting, Allis Chalmers Mfg. Co., 388 U.S. at 191.  Brown, notably, never alleged that the union actually used his fees for political activities, nor did the exhibits to his complaint suggest that it did.  Rather, in his prayer for relief, he sought to require the union to reveal whether it had made political contributions, further undermining any suggestion that the union had done so.  Moreover, the primary relief Brown sought -- declaring the agency shop agreement invalid -- is not available for a claim of misappropriation of non-member fees.  See Street, 367 U.S. at 771-74.  Thus, Brown failed to state a plausible claim for relief for any of his claims concerning the RLA or his inability to vote in union affairs.  See Twombly, 550 U.S. at 555.

Finally, as for Brown's intentional-infliction-of-emotional-distress claim, he alleged no facts indicating that any harassment had occurred.  Instead, Brown alleged only that he sent a letter to the union suggesting that harassment could occur as a result of the publication of the list of non-members.  That allegation of attenuated harm is not enough to state a claim for which relief could be granted.  See Kim, 249 So. 3d at 1305 (providing that, to state a claim for intentional infliction of emotional distress, the actions must be outrageous); see also Twombly, 550 U.S. at 555 (noting that a complaint must state a plausible claim to relief).  But even if Brown had pled facts to show he had been harassed as a result of the newsletter, publishing a list of

8

non-member names to encourage union membership is allowed so long as the information is factual, and he did not allege that the union's list of non-members was inaccurate or misleading.  See Austin, 418 U.S. at 283.  Thus, the district court did not err in dismissing Brown's intentional-infliction-of-emotional-distress claim.

In short, because Brown's amended complaint did not state a claim for which relief could be granted, amendment of the shotgun nature of that complaint would have been futile.  See Evans, 850 F.3d at 1254.  Accordingly, we affirm the dismissal with prejudice of Brown's amended complaint.

**AFFIRMED**.