[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14489
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00515-RH-CAS


RICHARD B. "RICK"

SPINNENWEBER and

CHRIS SPINNENWEBER,

Plaintiffs-Appellants,

versus

DAN WILLIAMS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 23, 2020)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Plaintiffs Richard and Chris Spinnenweber brought this action against defendant Dan Williams under 42 U.S.C. § 1983, alleging both false arrest and malicious prosecution. The district court dismissed the complaint for failure to state a claim. The Spinnenwebers appeal that decision. We affirm.

I.

The events giving rise to this case began in 2014. Detective Dan Williams responded to an accusation that the proprietors of a campground—Richard, Chris, and their now-deceased father—had stolen a truck. Accompanied by the alleged victim, he and another detective went to the campground. The responses the officers received from the Spinnenwebers and other campground personnel about the truck were inconsistent. With further investigation, Williams located the truck in a storage shed and found that the truck bed had been repainted to gray and that the tail lamps had been removed.

Williams filled out a probable cause affidavit describing the visit to the campground. The affidavit form shows that Williams was requesting an arrest warrant for two charges: (1) grand theft of a motor vehicle, and (2) resisting or obstructing without violence. Florida Statutes § 812.014 states that a "person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently" deprive "the other person of a right to the property or a benefit from the property"

2

or appropriate "the property to his or her own use or to the use of any person not entitled to the use of the property." Fla. Stat. § 812.014. Furthermore, it "is grand theft of the third degree and a felony of the third degree" if the stolen property is a "motor vehicle." Fla. Stat. § 812.014(2)(c)(6) (2014). And Florida Statutes § 843.02 sets out a first degree misdemeanor for anyone who "shall resist, obstruct, or oppose" a law enforcement officer "without offering or doing violence to the person of the officer." Fla. Stat. § 843.02 (2014).

A state judge issued the requested warrant, and the Spinnenwebers were charged with grand theft of a motor vehicle and resisting an officer without violence. The charges were eventually dismissed when the State filed a *nolle prosequi*. The Spinnenwebers, not satisfied, sued various parties involved in their arrests. They whittled down the targets of their suit, ultimately bringing 42 U.S.C. § 1983 claims for deprivation of civil rights and malicious prosecution against Detective Williams.

The Spinnenwebers apparently do not dispute the facts that Williams alleged in the affidavit. Instead, they argue that Williams did not include enough in the affidavit. The two issues center around (1) their contention that the dispute over the truck was civil in nature rather than criminal, and (2) the fact that the truck was returned. On the civil-or-criminal point, they claim that Williams told them that "we are trying to resolve this as a civil matter. Don't make it worse on yourself. Believe me." The Spinnenwebers argue that the warrant should have been clear that this "'civil' dispute over the amount of a storage fee had been resolved." As to the return of the truck, they say that the affidavit should have noted that Williams

3

was "instrumental" in the return of the truck in exchange for payment of storage fees.  According to the Spinnenwebers, these omissions were "false," "misleading," and "material."

The district court disagreed, and entered an order of dismissal on both counts, explaining that a finding of probable cause was "fatal" to the Spinnenwebers' claims.  The district court found that because the information that the Spinnenwebers claim should have been included in the affidavit was—at best—"immaterial," the Spinnenwebers' claims did not refute that the warrant showed probable cause for their arrest.  The Spinnenwebers now appeal.

## II.

"We review *de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam) (citation omitted).

## III.

## A.

The district court and Detective Williams characterize the Spinnenwebers' first count as a false arrest claim; the Spinnenwebers do not dispute this characterization.  We affirm the district court's holding that this claim fails. Recently, in *Williams v. Aguirre*, we noted that a "claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests."  965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted).  The fact that a state judge issued a warrant in this case thus

extinguishes the Spinnenwebers' false arrest claim. Any objection they have must necessarily be towards the legal process, rather than the *absence* of legal process. We now turn to that question.

### B.

Unlike a claim of false arrest, a claim of malicious prosecution "requires a seizure pursuant to legal process." *See id.* (quotation marks and citations omitted). In order to establish malicious prosecution, the Spinnenwebers must show that the legal process "was constitutionally infirm." *Id.* at 1165. In the context of an arrest warrant, they can do so if they establish "either that the officer who applied for the warrant should have known that his application failed to establish probable cause, or that an official, including an individual who did not apply for the warrant, intentionally or recklessly made misstatements or omissions necessary to support the warrant." *Id.* (citations omitted). To put a finer point on this inquiry, we consider whether a "misstatement in an officer's warrant affidavit amounts to a violation of the Fourth Amendment" through a two-part test: (1) "we ask whether there was an intentional or reckless misstatement or omission," and (2) "we examine the materiality of the information by inquiring whether probable cause would be negated if the offending statement was removed or the omitted information included." *Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019) (citations omitted).

The Spinnenwebers' claim fails on that second part of our inquiry. It does not matter that the Spinnenwebers returned the truck. Florida law criminalizes "endeavors" of theft, as well as theft for a temporary time; that means it is

5

irrelevant that the Spinnenwebers eventually returned the truck to its rightful owners.  Fla. Stat. § 812.014 (2014).  And in any event, the fact that the truck was returned to its owners has no bearing on everything that happened *before* that point.  Nor does the fact that Williams referred to resolving the case as a "civil matter" have any bearing on probable cause.  Finally, none of the Spinnenwebers' allegations do anything to cure the conduct that gave rise to the resisting-justice charge.  In short, none of the omitted information relates to the elements of the crimes for which probable cause was found.

In every case, there are a multitude of facts.  Some affect the existence of probable cause and others do not.  The facts that the Spinnenwebers claim Detective Williams omitted from his probable cause affidavit fall into the latter category.  The district court's judgment is **AFFIRMED**.

6