[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12171

Non-Argument Calendar

_____

JAMES F. LEWIS,

Plaintiff-Appellant,

*versus*

KEITH REYES,
Sergeant,
KARL MURKLAND,
Officer,
GREGG DUDLEY,
LAKE COUNTY FLORIDA SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cv-00650-JA-PRL

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

James Lewis was arrested for trespass when he refused to leave school property after school authorities repeatedly requested that he do so. Lewis brought suit against the state officials involved in his arrest and the school district for violating his constitutional rights. The district court dismissed his suit for failure to state a claim. Because Lewis has not alleged any facts sufficient to show a constitutional violation, we affirm.

## I.

James Lewis, a self-proclaimed journalist, decided to stand on the sidewalk outside of an elementary school and film the traffic during school dismissal.[1] While filming, Lewis complained about the traffic to Sergeant Keith Reyes, who was on duty directing traffic that day. Reyes calmly told Lewis that officers were doing their best to address the traffic.

Principal Gregg Dudley then came outside and asked Lewis why he was at the school. Lewis told Dudley that he was there to

---

[1] The following facts are from Lewis's video recording, which he provided as part of his complaint.

monitor the traffic, and that he wanted to make a public records request. Dudley responded that all public records requests must be made with the district office, but Lewis insisted on making his request at the school. Dudley and Reyes eventually walked away from Lewis and onto school property.

Undeterred, Lewis again approached Dudley and Reyes, reasserting his same request for public records. Dudley and Reyes informed Lewis that he was on school property, and Dudley reiterated that public records requests must be made at the district office. He repeatedly asked Lewis to leave, but Lewis refused and instead continued to request public records. Dudley informed Reyes that he wanted to trespass Lewis from the school. Reyes asked Lewis for identification, which Lewis refused to provide. The two argued until Lewis walked away.

Lewis, though, continued to film; when one parent asked Lewis to stop filming his children, Lewis began arguing with him. At that point, Reyes approached Lewis and arrested him for trespass. Lewis soon complained that the handcuffs were too tight. Reyes responded that the handcuffs were okay, but Lewis raised the same complaint while he was being driven to jail by Reyes and Officer Karl Marklund. Marklund responded that the handcuffs would be removed at the jail.

Lewis was charged with trespassing on school grounds in violation of Fla. Stat. § 810.097. He admitted guilt to this charge, but still brought § 1983 claims against Reyes, Marklund, Dudley, and the Lake County Florida School District for violating his

constitutional rights.  He alleged that Dudley violated his First and Fourteenth Amendment rights by trespassing him while he was engaging in protected First Amendment activity.  He claimed that Reyes and Marklund violated his Fourth and Fourteenth Amendment rights by unlawfully arresting him without probable cause and using excessive force.  He also asserted that the District failed to properly train Dudley as the custodian of public records.  And he argued that all of the defendants retaliated against him for exercising his First Amendment rights.  The district court dismissed his claims for failure to state a claim.  Lewis now appeals.

## II.

We review a district court's ruling on a Rule 12(b)(6) motion to dismiss de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  "But where a video is clear and obviously contradicts the plaintiff's alleged facts, we accept the video's depiction instead of the complaint's account and view the facts in the light depicted by the video." *Baker v. City of Madison*, 67 F.4th 1268, 1277–78 (11th Cir. 2023) (citation omitted).  To decide whether a complaint properly states a claim, a court must first disregard any conclusory allegations and then determine whether any remaining factual allegations, if assumed as true, "plausibly give rise to an entitlement to relief." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quotation omitted).

### III.

Section 1983 allows state officers and municipalities to be held liable for constitutional violations. An arrest without a warrant or probable cause "violates the Constitution and provides a basis for a section 1983 claim." *Miller v. Harget*, 458 F.3d 1251, 1259 (11th Cir. 2006) (quotation omitted). An officer has probable cause for an arrest "when the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quotation omitted).

Florida law authorizes an officer to "arrest either on or off the premises and without warrant any person the officer has probable cause for believing has committed the offense of trespass upon the grounds of a school facility." Fla. Stat. § 810.097(4). A person commits a trespass if he "enters or remains upon the campus or other facility of a school after the principal of such school" has "directed such person to leave such campus or facility or not to enter upon the campus or facility" *Id.* § 810.097(2).

Lewis's rights under the First Amendment, Fourth Amendment, and Fourteenth Amendment were not violated because probable cause supported his arrest. First, state law authorized Dudley to ask Lewis to leave school property, and it provides that Lewis committed trespass by refusing to comply with those requests. *See id.* § 810.097. Lewis does not challenge this law

or argue that it is unconstitutional.[2] And because Lewis committed trespass by refusing to comply with Dudley's requests to leave school property, Reyes and Murkland had probable cause to arrest him.  *See Miller*, 458 F.3d at 1259.  Lewis's arrest was thus constitutional, and he provides no factual basis to support his claim that the defendants' conduct was in retaliation for his speech rather than his unauthorized presence on school grounds in violation of Florida law.

Lewis's failure-to-train and excessive force claims also fail because he does not plausibly allege a constitutional violation. Lewis argues that the District is liable because it failed to adequately train Dudley about public records requests.  But Florida law only requires that a custodian of public records "acknowledge requests to inspect or copy records promptly and respond to such requests in good faith." Fla. Stat. § 119.07(1)(c).  Based on the facts alleged, Dudley complied with that requirement—he acknowledged Lewis's public records request and instructed him on the appropriate means for making that request.  Lewis thus failed to allege sufficient facts supporting any violation.  Lastly, Lewis's excessive force claim fails because the fact that his handcuffs were tight is not enough to support an allegation of

---

[2] Even if Lewis did take issue with Florida's trespass law, the fact that it may have incidentally affected his First Amendment activities does not make its enforcement a constitutional violation.  *See Adderley v. Florida*, 385 U.S. 39, 47–48 (1966).

23-12171                Opinion of the Court                7

excessive force.  *See Gold v. City of Miami*, 121 F.3d 1442, 1446–47 (11th Cir. 1997).

★     ★     ★

Lewis failed to provide sufficient facts supporting any constitutional violation by the defendants.  The district court did not err, then, in dismissing his claims.  We **AFFIRM.**