[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10122

Non-Argument Calendar

_____

ANDRE DENHARIO WILSON,

Plaintiff-Appellant,

*versus*

CARNIVAL CORPORATION,
d.b.a. Carnival Cruise Lines, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22492-RNS

_____

Before GRANT, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Denhario Wilson asserted claims under Panama law against his employer, Carnival Corporation, after suffering a workplace injury. Pursuant to his employment contract, Wilson's claims were resolved in an arbitration proceeding in Panama under the Panama Convention.[1] Concluding that Wilson's personal injury claims were time-barred, the arbitrator found in favor of Carnival. Wilson filed an action in the Southern District of Florida challenging that decision and seeking to vacate the arbitral award. Carnival moved to dismiss Wilson's claims, which the district court granted after concluding that it lacked the power to vacate the arbitral award. Wilson appeals, arguing that the district court had jurisdiction to vacate the award, and that dismissing his case denies him equal protection of the right of access to courts.

_____

[1] While Wilson originally argued that the foreign arbitration proceedings were governed by the New York Convention, the district court construed it as being governed by the Panama Convention because both parties' home countries have ratified the Panama Convention. *See* 9 U.S.C. § 305; *see also Técnicas Reunidas de Talara S.A.C. v. SSK Ingeniería y Construcción S.A.C.*, 40 F.4th 1339, 1344 (11th Cir. 2022). Wilson does not seem to contest that construction on appeal. And even if he did, the result would be the same as the enforcement and recognition provisions of the Panama Convention "are 'substantively identical' to those in the New York Convention." *Corporación AIC, SA v. Hidroeléctrica Santa Rita S.A.*, 66 F.4th 876, 889 (11th Cir. 2023) (en banc) (quotation omitted).

23-10122                Opinion of the Court                3

We review a district court's ruling on a Rule 12(b)(6) motion to dismiss de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint properly states a claim if the factual allegations, taken as true, "plausibly give rise to an entitlement to relief." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quotation omitted).

This Court has held that under the New York Convention, which has "substantively identical" enforcement and recognition provisions as the Panama Convention, "only courts in the primary jurisdiction can vacate an arbitral award." *Corporación AIC, SA v. Hidroeléctrica Santa Rita S.A.*, 66 F.4th 876, 883, 889 (11th Cir. 2023) (en banc) (quotation omitted). Primary jurisdiction refers to the "country which is the legal seat of the arbitration (or whose law governs the conduct of the arbitration)." *Id.* at 883. Because the district court in this case does not sit in Panama, the legal seat of the arbitration, it did not have primary jurisdiction and could not vacate Wilson's arbitral award.

This conclusion does not deny Wilson of his right to equal protection. It is well settled that agreements to arbitrate will be enforced notwithstanding the contractual relinquishment of the right of access to courts. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1371 (11th Cir. 2005). By entering into a valid employment contract with an arbitration agreement, Wilson voluntarily agreed to resolve his claims before an arbitral forum, limiting his right of access to courts. *See id.* at 1371–72.

4                          Opinion of the Court                      23-10122

★      ★      ★

Because the district court did not have primary jurisdiction, it lacked the power to vacate Wilson's arbitral award.  Accordingly, it properly dismissed Wilson's claims.  We **AFFRIM.**