[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10033
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00269-RH-GRJ


TOMMY L. GREEN, SR.,

                                                    Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
KIRKLAND,
Nurse,
FOGLEMAN,
MR,
GASPARD,
Dr.,
E. STINE,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 8, 2015)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tommy Green, Sr., a prisoner proceeding *pro se*, appeals the district court's dismissal of his action under 42 U.S.C. § 1983 for failure to state a claim in his amended complaint. We review a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "[A] complaint must . . . contain either direct or inferential allegations respecting all material elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). We liberally construe *pro se* pleadings because we hold them to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Mr. Green originally filed a complaint in Florida state court under 42 U.S.C. § 1983 against the Secretary of the Florida Department of Corrections (the "Secretary"), alleging deliberate indifference to serious medical needs arising from his back injuries. The Secretary then removed the complaint to federal court and moved to require Mr. Green to refile his complaint on an approved form for prisoner civil rights cases. The magistrate judge considered this motion in tandem

2

with its initial screening of the complaint pursuant to 28 U.S.C. § 1915A.[1]  Upon screening the complaint, the magistrate judge found that it failed to allege facts sufficient to show what each defendant did that would support a claim against that defendant.  The magistrate judge granted the Secretary's motion and instructed Mr. Green to file an amended complaint remedying the defects.  Instead, Mr. Green filed an amended complaint with even less detail than his original complaint, including no factual allegations whatsoever as to the deficient medical treatment he alleged that he received in his initial complaint.  Thus, the magistrate judge issued a report and recommendation concluding that dismissal was appropriate, and the district court adopted it.

We agree with the magistrate judge and the district court that the amended complaint falls far short of stating a cognizable claim under § 1983.  The amended complaint contains no factual allegations as to any defendant, despite the magistrate judge's instruction to Mr. Green to provide such details.  The judgment of the district court is **AFFIRMED**.[2]

---

[1] As in any "civil action in which a prisoner seeks redress against a governmental entity or its employee," Mr. Green's complaint was initially subject to review "as soon as practicable after docketing" — here, by the magistrate judge — to determine whether it "fail[ed] to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(a), (b)(1).

[2] Mr. Green's motion to appoint counsel is denied.