┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided January 6, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-1465

| | |
|---|---|
| TERRY WHITNEY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:14-cv-01598-RLY-TAB |
| ASHTON B. CARTER, Secretary of Defense, *Defendant-Appellee*. | Richard L. Young, *Chief Judge*. |

**O R D E R**

Terry Whitney, a former Accounting Technician at the United States Department of Defense, appeals the district court's dismissal of his employment-discrimination suit. Whitney alleges that the agency discriminated against him on the basis of his race, age, gender, and sexual orientation when it found him ineligible to hold a "sensitive" defense

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C). Furthermore because discrimination suits must name the head of the agency that allegedly discriminated against the plaintiff, *see, e.g.,* 42 U.S.C. § 2000e-16(c), we have reformed the caption.

position and removed him from the job. The district court reasoned that it may not review a federal agency's decision to refuse to employ someone in a position designated as "sensitive." Because its conclusion is correct, we affirm the judgment.

The Department's decision to remove Whitney is beyond judicial review. The agency told him that, because of his credit history, he was ineligible to occupy a "non-critical sensitive" position. Occupying a "sensitive" position is parallel to holding a security clearance. *See Kaplan v. Conyers*, 733 F.3d 1148, 1159, 1166 (Fed. Cir. 2013) (en banc). And the Supreme Court has held that the decision to grant or revoke a security clearance is a "sensitive and inherently discretionary judgment call" committed exclusively to the executive branch. *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988). Courts therefore may not review an executive agency's decision to fire a person who is ineligible for a security clearance. *See El-Ganayni v. Dep't of Energy*, 591 F.3d 176, 182 (3rd Cir. 2010); *Hall v. Dep't of Labor*, 476 F.3d 847, 853 (10th Cir. 2007); *Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C. Cir. 2005).

Under *Egan*, we cannot review Whitney's employment-discrimination claim. Doing so would violate the requirement of judicial deference to the broad discretion of an agency that bears responsibility for the protection of classified information committed to its custody, including determining who may have access to it. *Egan*, 484 U.S. at 529. To examine a claim that an agency's eligibility decision was improperly motivated, a court would have to review the actual reason for the decision, which *Egan* forbids. *See Hall*, 476 F.3d at 853 ("To review the circumstances under which the Army recommended revocation of [plaintiff's] security clearance for evidence of retaliation is to review the basis of the determination itself, regardless of how the issue is characterized."); *El-Ganayni*, 591 F.3d at 186 (adjudicating discrimination claims "would inevitably involve scrutiny of the merits of the" security clearance determination); *Hill v. White*, 321 F.3d 1334, 1335–36 (11th Cir. 2003); *Ryan v. Reno*, 168 F.3d 520, 523 (D.C. Cir. 1999). In this case, Whitney does not deny that the position he seeks is sensitive. Nor does he develop any cogent argument that *Conyers* wrongly extended *Egan* from "security" clearances to "sensitive" positions. Because his suit challenges his ineligibility for one of these positions, it "is beyond judicial review." *El-Ganayni*, 591 F.3d at 186.

AFFIRMED.