[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13667
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-04518-AT


RYAN NICHOLL,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, STATE OF GEORGIA,
THE GRADE (IN REM),
PAMELA WHITTEN,
official capacity,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2019)


Before WILSON, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Ryan Nicholl, proceeding pro se, appeals the district court's dismissal of Plaintiff's civil complaint for violation of his rights under the First, Thirteenth, and Fourteenth Amendments. Plaintiff asserts claims against the President[1] of Kennesaw State University ("KSU"), in her official capacity, and against "The Grade": a "B" in Plaintiff's writing course. Plaintiff also appeals the district court's denial of his motions to vacate judgment in part and for leave to amend his complaint. No reversible error has been shown; we affirm.

Plaintiff is a student enrolled at KSU. Briefly stated, Plaintiff says that -- because he failed to complete a required assignment in his technical writing course ("Assignment") -- he received a grade of "B" instead of "A." The Assignment consisted of five questions soliciting feedback from students about which assignments were most effective to promote student learning and about ways to improve the course in the future.[2] Plaintiff refused to complete the Assignment

---

[1] Plaintiff's complaint named as a defendant KSU's then-president, Samuel Olens. KSU's current President -- Pamela Whitten -- has since been substituted as the named party defendant.

[2] The Assignment included these questions: (1) "Of the assignments given this semester, which do you believe to be the most beneficial to your learning?"; (2) "Which assignment do you believe you should have spent more time and focus on prior to submission? What would you have done differently?"; (3) "Which assignment did you find to be the least beneficial?"; (4) "After looking through the table of contents of your Markel text, identify a topic you find

2

because he says it required him to "disclose political viewpoints": his opinions about KSU, a public university of the State of Georgia. Plaintiff's attempts to appeal administratively his course grade were unsuccessful. In September 2017, KSU's President issued a final decision declining to change Plaintiff's grade from "B" to "A."

In his civil complaint, Plaintiff contends that the Assignment constituted compelled political speech in violation of the First Amendment and that Plaintiff was assigned a "B" in retaliation for exercising his First Amendment right to refuse to disclose his political opinions. Plaintiff also asserts that the Assignment violated the Thirteenth Amendment's prohibition on involuntary servitude. Plaintiff also alleged that he was denied his Fourteenth Amendment due process rights. As relief, Plaintiff sought a declaratory judgment that Plaintiff's grade was legally "A" and an injunction ordering KSU's President to change Plaintiff's grade to "A."

The district court granted the KSU President's motion to dismiss. The district court first determined that dismissal was proper under Fed. R. Civ. P. 12(b)(1) because (1) Plaintiff's official-capacity claims against KSU's President were barred by the Eleventh Amendment; and (2) no "in rem" jurisdiction existed over "The Grade." In the alternative, the district court concluded that dismissal

---

interesting that was not covered this semester."; and (5) "Do you have any suggestion for the setup or execution of this course? If so, what is it?"

3

was also proper under Rule 12(b)(6) for failure to state a claim.  The district court later denied Plaintiff's post-judgment motions to vacate, pursuant to Rule 60(b), and for leave to amend his complaint, pursuant to Rule 15(a).

I.

"We review <u>de novo</u> the district court's grant of a motion to dismiss . . . , accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003).  We construe liberally <u>pro se</u> pleadings.  <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the Eleventh Amendment, an unconsenting state (including the state's agencies and departments) is immune from suit in federal court by the state's own citizens.  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). The Eleventh Amendment bar applies irrespective of whether a plaintiff seeks monetary or injunctive relief.  <u>Id</u>. at 101.

An exception to Eleventh Amendment immunity exists under the <u>Ex parte Young</u>[3] doctrine, which permits "suits against state officers seeking prospective

---

[3] <u>Ex parte Young</u>, 209 U.S. 123 (1908).

4

equitable relief to end continuing violations of federal law." Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1219 (11th Cir. 2000). The Ex parte Young doctrine applies only when "a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." Id. The Ex parte Young doctrine is inapplicable when a plaintiff seeks "to adjudicate the legality of past conduct." Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999).

The district court dismissed properly Plaintiff's official-capacity claims against KSU's President as barred by the Eleventh Amendment. KSU -- a unit of the Board of Regents of the University System of Georgia -- is considered a part of the government of the State of Georgia. That Plaintiff's official-capacity claims against KSU's President constitute claims against the State is undisputed. Because Plaintiff seeks redress only for alleged past violations of federal law -- Plaintiff's being required to complete the Assignment and Plaintiff's receipt of a "B" in a now-completed course -- the exception established in Ex parte Young is inapplicable. See id.

On appeal, Plaintiff characterizes the alleged constitutional violation as ongoing because his grade remains a "B." But -- as Plaintiff admits in his

5

appellate brief -- Plaintiff's operative complaint challenged only past conduct.

That Plaintiff's grade remains "B" does not transform a one-time past event into a

continuing violation.

The district court also committed no error in determining that it lacked "in

rem" jurisdiction over "The Grade."  Actions in rem are actions to determine "the

interests of all persons in designated property."  Shaffer v. Heitner, 433 U.S. 186,

199 n.17 (1977).  This case involves no dispute about legal interests in "The

Grade."

We affirm the district court's dismissal of Plaintiff's complaint -- pursuant to

Rule 12(b)(1) -- for lack of subject matter jurisdiction.[4]

II.

In his Rule 60(b) motion, Plaintiff sought to vacate the portion of the district

court's order concluding -- in the alternative -- that Plaintiff's complaint was

subject to dismissal under Rule 12(b)(6).  Plaintiff contends that the district court

lacked jurisdiction to consider the merits of his complaint after determining that

---

[4] Because dismissal was proper under Rule 12(b)(1), we need not address the district court's alternative ruling that Plaintiff's complaint was subject to dismissal under Rule 12(b)(6) for failure to state a claim.

6

the complaint was subject to dismissal under Rule 12(b)(1).  We reject this argument as foreclosed by this Court's binding precedent.  See McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256-57 (2001) (when a defendant moves to dismiss on alternative grounds -- Eleventh Amendment sovereign immunity and on the merits -- federal courts have discretion to decide the motion to dismiss based on either ground).

Plaintiff also challenges the district court's denial of his post-judgment motion for leave to amend his complaint under Rule 15(a).  We have said, however, that "Rule 15(a), by its plain language, governs amendment of pleadings before judgment is entered; it has no application after judgment is entered."  Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original).  The district court thus abused no discretion in denying Plaintiff's post-judgment motion to amend.

AFFIRMED.

7