[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14391
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-01430-HES-JRK


J. L. NIEMAN,

                                                            Plaintiff-Appellant,

versus

NATIONAL CLAIMS ADJUSTERS, INC.,
DAVID P. IERULLI,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2019)

Before MARCUS, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

J. Nieman, proceeding *pro se*, appeals the district court's order granting National Claims Adjusters, Inc.'s ("National") and David Ierulli's (collectively "defendants") motion to dismiss for failure to state a claim.  On appeal, Nieman argues that the district court erred in dismissing his federal claims for failure to pay and retaliatory discharge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq.*, and for civil tax fraud under 26 U.S.C. § 7434.  In support, he argues that he was the defendants' employee, rather than an independent contractor, and because that determination was central to his claims, he argues that the district court erred in holding otherwise.

We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  Similarly, whether a person is an employee or independent contractor under the FLSA is a question of law that we review *de novo*.  *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1310 (11th Cir. 2013).  In his complaint, the plaintiff must state a plausible claim for relief, requiring the plaintiff to plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where the well-pleaded facts of the

complaint do not show more than a "mere possibility of misconduct," the plaintiff has not shown a plausible claim for relief.  *Id.* at 679.

The protections of the FLSA extend only to "employees."  *Scantland*, 721 F.3d at 1311.  An "employee" is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to any employee."  *Id.* § 203(d).  The term "employ" means "to suffer or permit to work."  *Id.* § 203(g).  The FLSA does not cover "independent contractors."  *See Scantland*, 721 F.3d at 1311.  To determine whether a person is an employee or independent contractor for purposes of the FLSA, courts look to the "economic reality" of the relationship between the alleged employee and employer and whether that relationship demonstrates dependence.  *Id.*  The economic reality inquiry is not governed by the "label" put on the relationship by the parties or the contract that controls their relationship.  *Id.* Merely putting an "independent contractor" label on the alleged employee does not take him from the protections of the FLSA.  *Id.*

Several factors guide the economic reality inquiry, namely: "(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; [and] (6) the extent to which the service rendered is an integral part of the alleged employer's business." *Id.* at 1311-12.  While these factors are important, the overarching focus of the inquiry is economic dependence, or in other words, whether the individual is "in business for himself" or is "dependent upon finding employment in the business of others." *Id.* at 1312.  Additionally, 26 U.S.C. § 7434 provides that a person may bring a civil action for damages against a person who willfully files a fraudulent information return with respect to payments purportedly made to any other person.  26 U.S.C. § 7434.

As a general rule, an amended complaint supersedes any prior complaint and nullifies its exhibits.  *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).  In ruling on a motion to dismiss, a district court is not permitted to consider exhibits attached to an earlier complaint "that a plaintiff has expressly disavowed or rejected as untrue in a subsequent amended complaint."  *Id.*

Here, as an initial matter, we do not reach Nieman's argument that the defendants improperly referenced his independent contractor agreement because the district court did not consider the agreement in reaching its decision and the fact that the parties labeled Nieman an "independent contractor" in the agreement does not influence our holding.   Further, we consider the exhibits attached to

4

Nieman's original complaint in reaching our decision because Nieman refers to them in his amended complaint, thereby incorporating them by reference.

Construing the allegations in the complaint in the light most favorable to Nieman, the district court did not err in dismissing Nieman's complaint on the ground that Nieman was an independent contractor, rather than an employee. Using the six factors to guide the economic reality inquiry, the first, third, fourth, and fifth factors favor independent contractor status while the second and sixth factors do not weigh in favor of either. The first factor—control—weighs in favor of independent contractor status because Nieman controlled when he started work for National and for how long, how many assignments he took from National, and when he received those assignments. In other words, he controlled his schedule. He admitted in his complaint that after he began receiving assignments from Brown, he set up his own appointments and inspections. He also controlled the geographic location within which he took assignments. Although he alleged that National controlled the software that he used, the methods by which he completed his reports, and in some ways, how he performed the job, he ultimately controlled how and when he completed the assignments and whether he would take on more or less of them, showing that he was essentially "in business for himself." *See Scantland*, 721 F.3d at 1312.

5

The third factor—alleged employee's investment in equipment and materials for the work—weighs in favor of independent contractor status. Nieman had his own home office, a laptop, and iPad for field work and was equipped with a vehicle, ladder, measuring tools, digital voice and photographic equipment, and "other similar tools of the trade." It appears that the only "tool" that National provided was the Xactimate software, and even then, it is not clear whether Nieman had this software before he began work for National, or whether National paid for and provided it to him. The fourth factor—whether the service required a special skill—also weighs in favor of independent contractor status because his job required a license. The fifth factor—the degree of permanency and duration of the working relationship—weighs in favor of independent contractor status because Nieman alleged that National engaged him to handle claims arising from Hurricane Irma and acknowledged that he was hired for a "special project."

Further, looking to the overall economic reality of the parties' working relationship, it is also significant that Nieman completed work for another company after he responded to National's initial advertisement and looked for and interviewed for other jobs while he was still engaged with National, which shows that he was not economically dependent on National. As to the second factor—the employee's opportunity for profit or loss depending on his managerial skill—and the sixth factor—the extent to which the service rendered is an integral part of the

alleged employer's business—Neiman did not state many facts in his complaint that would support his claim for employee status. Therefore, when all the factors are viewed in the light most favorable to Nieman, four of the six factors weigh strongly in favor of independent contractor status. Thus, Nieman was an independent contractor, not an employee, under the FLSA, and to the extent that he argues that National committed tax fraud for falsely representing to the IRS that he was an independent contractor, that argument fails for the same reason. Accordingly, the district court correctly dismissed his federal claims.

**AFFIRMED**.