[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11123
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01724-AT

ALLAN LAVUT,
CIPORA LAVUT,

                                        Plaintiffs - Appellants,

versus

BANK OF AMERICA,
THE BANK OF NEW YORK MELLON,
f.k.a. The Bank of New York,
as trustee for J.P. Morgan,
as trustee for Bear Stearns Alt-A,
as trustee for Mortgage Pass- Through Certificates,
as trustee for Series Holders2005-05,
MERSCORP HOLDINGS, INC.,
f.k.a. Merscorp, Inc.,
MORTGAGE ELECTRIC REGISTRATION SYSTEMS, INC.,
BAC HOME LOANS SERVICING, LP,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 19, 2019)


Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.


PER CURIAM:


Plaintiffs Allan and Cipora Lavut appeal the district court's dismissal --
pursuant to Fed. R. Civ. P. 12(b)(6) -- of their amended complaint for failure to
state a claim.  Briefly stated, Plaintiffs challenge the non-judicial foreclosure
proceedings on their home in Fulton County, Georgia ("Property").[1]  No reversible
error has been shown; we affirm.

Plaintiffs purchased a home in 2005, subject to a mortgage loan of
$1,480,000.  The loan was memorialized by a promissory note ("Note") and a
Security Deed.[2]  The initial loan documents identified Countrywide Home Loans,

---

[1] No foreclosure sale has yet taken place.

[2] Plaintiffs attached several documents to their amended complaint, including the Note, the
Security Deed, an Assignment of Security Deed, and notices of foreclosure.  These documents

2

Inc. ("Countrywide") as Plaintiffs' lender[3] and identified Mortgage Electronic

Registration Systems, Inc. ("MERS") as the grantee under the Security Deed.

In pertinent part, the Security Deed granted and conveyed the Property and

the power of sale to MERS "and the successors and assigns of MERS."  The

Security Deed provided expressly that MERS had "the right to foreclose and sell

the Property."  In April 2012, MERS assigned its interest in the Security Deed to

The Bank of New York Mellon fka The Bank of New York ("BONYM").

Plaintiffs later received three letters (dated July 2015, February 2016, and

September 2017) from a law firm representing BONYM.  The 2015 letter -- titled

"Notice of Foreclosure Sale" -- notified Plaintiffs that the outstanding balance of

Plaintiffs' mortgage loan was due and payable and that foreclosure proceedings

had been initiated on behalf of BONYM.  The 2016 and 2017 letters informed

Plaintiffs of the amount of the outstanding debt and that Plaintiffs' account had

been referred for foreclosure.

Plaintiffs filed this civil action challenging the foreclosure proceedings.  In

their amended complaint, Plaintiffs named as defendants Bank of America, N.A.

---

may be considered properly in ruling on a motion to dismiss under Rule 12(b)(6).  See Saunders v. Duke, 766 F.3d 1262, 1270-71 (11th Cir. 2014).

[3] Cipora later executed a Loan Modification Agreement listing BAC Home Loans Servicing, LP as the new lender.

("BOA"), BONYM, MERSCORP Holdings, Inc., MERS, and BAC Home Loans Servicing, L.P. ("BAC"). The district court granted Defendants' motion to dismiss.

We review de novo the district court's dismissal of a case under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant; plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

4

I.

In their amended complaint, Plaintiffs assert a claim for declaratory judgment.  Plaintiffs seek a declaration (1) that BOA, BONYM, and BAC gave no value in exchange for the power of sale rights contained in the Security Deed; (2) that neither MERS nor Countrywide transferred their rights as grantee or as lender, respectively, to Defendants for value; (3) MERS is the named grantee on the Security Deed; and (4) MERS, BOA, BONYM, and BAC have no beneficial interest in the Security Deed.  Plaintiffs also seek injunctive and equitable relief on the same grounds.

In essence, Plaintiffs attempt (1) to challenge the validity of the assignment of the Security Deed from MERS to BONYM, and (2) to argue that MERS, BOA, BONYM, and BAC lack authority to initiate foreclosure proceedings on the Property because they hold no beneficial interest in the Security Deed.

As a matter of Georgia law, Plaintiffs lack standing to challenge the validity of the assignment from MERS to BONYM.[4]  See Ames v. JP Morgan Chase Bank, N.A., 783 S.E.2d 614, 620-21 (Ga. 2016).  Thus, the declarations Plaintiffs seek

---

[4] We reject Plaintiffs' contention that standing is an affirmative defense that may not be considered properly in ruling on a Rule 12(b)(6) motion.  See Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) ("A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim.").

5

about whether value was given in exchange for the transfer of interests under the Security Deed give rise to no "actual controversy." Cf. Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985) (under 28 U.S.C. § 2201, "a declaratory judgment may only be issued in the case of an 'actual controversy.'").

Moreover, Georgia law makes clear that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013) (emphasis added). The documents attached to Plaintiffs' complaint demonstrate that, under the Security Deed, MERS had the power of sale and the authority to foreclose on the Property. MERS then assigned its interest in the Security Deed -- including the power of sale -- to BONYM. BONYM thus had the authority to foreclose on the Property. Whether MERS, BOA, BONYM, or BAC had a beneficial interest in the Security Deed is immaterial to BONYM's authority to foreclose.

Because no "actual controversy" underlies the issues raised in Plaintiffs' claim for declaratory relief, the district court committed no error in dismissing Plaintiffs' claims for declaratory judgment and in dismissing Plaintiffs' claims for injunctive and equitable relief.

6

II.

Plaintiffs also purport to assert against BOA, BONYM, and BAC a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6) ("FDCPA").  Plaintiffs contend that BOA, BONYM, and BAC threatened unlawfully to foreclose on the Property despite "knowing they had no present right to possession of the" Property.

The FDCPA prohibits a "debt collector" from using "unfair or unconscionable means to collect or attempt to collect any debt," including "threatening to take any nonjudicial action to effect dispossession" when there exists "no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6).

As an initial matter, Plaintiffs allege no facts supporting the assertion that BOA or BAC threatened Plaintiffs with foreclosure.  Plaintiffs identify only three letters about foreclosure, each of which was sent only on behalf of BONYM.

Plaintiffs' FDCPA claim merely recites the statutory language without additional factual support.  This "formulaic recitation of the elements of a cause of action will not do."  See Twombly, 550 U.S. at 555.  Also, we have already

7

rejected Plaintiffs' contention that BONYM lacked legal authority to foreclose when the letters about foreclosure were sent to Plaintiffs in 2015, 2016, and in 2017. Plaintiffs, thus, can state no plausible claim for relief under the FDCPA.

III.

Plaintiffs also contend that Defendants slandered Plaintiffs' title to the Property by publishing in the Fulton County public records "knowingly false claims of interest" in the Security Deed and in the Property.

To state a claim for slander of title, a plaintiff must allege "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Giles v. Swimmer, 725 S.E.2d 220, 222 (Ga. 2012).

Plaintiffs alleged no facts supporting their conclusory assertions that Defendants published false statements. Among other things, Plaintiffs identify no statement that was purportedly false or made with malicious intent. Plaintiffs have thus failed to state a plausible claim for slander.

AFFIRMED.

8