[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10142
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-02525-MSS-SPF

KEITH ROBERT CALDWELL Sr.,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF TRANSPORTATION,
U.S. ATTORNEY GENERAL,
U.S. ATTORNEY'S OFFICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 1, 2021)

Before JILL PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Keith R. Caldwell Sr., *pro se*, appeals the district court's order dismissing for failure to state a claim his amended complaint, which alleged, as relevant here, violations of the National Traffic and Motor Vehicle Safety Act ("Safety Act"), 49 U.S.C. § 30118 *et seq*. The district court dismissed the claim after concluding that, under this Court's precedent, the Safety Act provides no private right of action. After careful review, we affirm.

## I.    BACKGROUND

The basis of this action is a 2016 car crash in which Caldwell sustained serious injuries.[1] The collision occurred when the brakes in Caldwell's 2013 Dodge Durango failed, causing his car to ram into the car in front of him, which was slowing for a red light. After the collision, Caldwell learned that his Dodge Durango had been recalled for a brake defect. He contacted Dodge, who installed a brake booster in his car but determined that the missing booster did not cause the collision.

---

[1] When reviewing a district court's grant of a motion to dismiss for failure to state a claim, we accept as true the well-pled allegations in the complaint. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We thus recite the facts as Caldwell alleged them.

Caldwell alleged that various entities of the United States government were liable under the Safety Act for the collision.[2] He claimed that the government was liable under the Safety Act for injuries he suffered in the collision because its failure to "enforce[] [the] rules and laws on the books embolden[ed] the automobile corporations to let profits and timing dictate the release of new vehicles on the road." Doc. 1 at 18.[3] The government moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that the Safety Act provides no private right of action. The district court dismissed the complaint with leave to amend. It agreed with the government that the Safety Act provides no private right of action under this Court's precedent. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 522–23 (11th Cir. 2000).[4]

---

[2] In his filings, Caldwell invoked a number of provisions of the United States Code and a provision of the Code of Federal Regulations related to the nation's federal traffic safety scheme, including 49 U.S.C. §§ 301, 30118, 30120 and 49 C.F.R. § 393.48. On appeal, he does not clarify whether each of these invocations was intended to assert a distinct claim; instead, he assumes that they constitute a single claim under the "Safety Act." Following Caldwell's lead, in this opinion we assume he intended to bring a single claim under the Safety Act against each defendant.

[3] "Doc." numbers refer to the district court's docket entries.

[4] In his initial complaint, Caldwell also named Dodge Chrysler Group and Sergio Marchionne as defendants. After he failed to properly serve Dodge Chrysler Group and Marchionne, the district court dismissed them from the action. Caldwell has raised no argument on appeal challenging the dismissal of his claims against these defendants; he has therefore abandoned any argument to that effect. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Caldwell filed an amended complaint in which he reaffirmed the allegations made in his initial complaint and made untethered references to the Fourteenth and Fifteenth Amendments to the United States Constitution. The government moved to dismiss for failure to state a claim. It again argued that Caldwell's Safety Act claim failed for want of a private right of action. And it argued that Caldwell failed to plead facts supporting a theory of liability under the Fourteenth or Fifteenth Amendments. The district court granted the motion, dismissing Caldwell's amended complaint with prejudice.[5] This is Caldwell's appeal.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* a district court order dismissing a complaint under Rule 12(b)(6) for failure to state claim, accepting all allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We also review *de novo*

---

[5] The district court construed Caldwell's references to the Fourteenth and Fifteenth Amendments as allegations of constitutional violations and ruled that those allegations failed to state a claim for relief. It reasoned that Caldwell alleged no facts suggesting that state action deprived him of a constitutionally protected interest under the Fourteenth Amendment or of his right to vote under the Fifteenth Amendment. Although Caldwell's brief on appeal is sprinkled with constitutional references, they all appear to relate to his Safety Act claim. Thus, Caldwell has not raised on appeal—and has therefore abandoned—any argument that the district court erred in dismissing his constitutional allegations. *See Timson*, 518 F.3d at 874 ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (internal citation omitted). But even if Caldwell had not waived the argument, for the reasons explained by the district court, Caldwell's references to the Fourteenth and Fifteenth Amendments in his amended complaint failed to allege violations of his constitutional rights.

4

"whether a statute creates by implication a private right of action." *Love v. Delta Air Lines*, 310 F.3d 1347, 1351 (11th Cir. 2002). We liberally construe *pro se* pleadings. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.    DISCUSSION

The sole issue that Caldwell raises on appeal is whether the district court erred in concluding that his Safety Act claim failed because our decision in *Ayres* established that there is no private right of action under the Act. He argues that the district court's reliance on *Ayres* was erroneous because (1) *Ayres* was wrongly decided and (2) *Ayres* does not extend to this case because his complained-of injuries are more serious than the injuries suffered by the *Ayres* plaintiffs. We disagree with both arguments.[6]

First, Caldwell argues that we should reverse the district court because *Ayres*, which concluded that "the Safety Act confers no private [right] of action," was wrongly decided and should be overruled. 234 F.3d at 522. We reject this argument because we, as a panel, cannot overrule another panel's decision. "Under the well-established prior panel precedent rule of this Circuit, the holding

---

[6] On appeal, the government argues that the district court lacked subject matter jurisdiction over Caldwell's Safety Act claim because the government has not waived sovereign immunity for claims under the Safety Act. We disagree. Caldwell's Safety Act claim sought injunctive relief. Under the Administrative Procedures Act, 5 U.S.C. § 702, the government has waived sovereign immunity as to claims for injunctive relief. *See Elend v. Basham*, 471 F.3d 1199, 1203 (11th Cir. 2006) (explaining that § 702 removes governmental immunity from suits seeking "injunctive relief against federal agencies or employees acting in their official capacity").

of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). *Ayres* has been overruled neither by this Court sitting en banc nor the Supreme Court. Thus, even if we agreed with Caldwell that *Ayres* was wrongly decided, we would have no power to overrule it and reverse the district court on that ground.

Second, Caldwell argues that *Ayres*'s conclusion that the Safety Act provides no private right of action does not bar his suit because he alleged more serious injuries than the plaintiffs alleged in *Ayres*, where plaintiffs sought compensation for the "dimin[ished] value of their cars and the expense of assorted repairs." *Ayres*, 234 F.3d at 516. We reject this argument, too. Our conclusion in *Ayres* that "the Safety Act confers no private [right] of action" was a conclusion of law based on our interpretation of the Act. *Id.* at 522–23; *see also Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (explaining that the question whether Congress created a private right of action in a statute is one of "[s]tatutory intent"). Thus, none of the factual differences between this case and *Ayres* that Caldwell points out bears on whether the Safety Act provides a private right of action.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of this action.

**AFFIRMED.**