[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12797
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-00061-CAP

KIKUYO SILVESTAR,

Plaintiff-Appellant,

versus

U.S. BANK NATIONAL ASSOCIATION,
successor in interest to
Bank of America, National Association
successor by merger with
LaSalle Bank National Association
as trustee for
First Franklin Mortgage Loan Trust 2007-3, Mortgage
Pass-Through Certificates Series 2007-3,
NATIONSTAR MORTGAGE, LLC,
d.b.a. Mr. Cooper,
DOES 1-5,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 19, 2021)

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Kikuyo Silvestar appeals the dismissal of her action against U.S. Bank National Association and Nationstar Mortgage. She raises numerous challenges to the dismissal. We address each argument in turn.[1]

*First*, she contends that the court improperly dismissed her complaint on the basis of res judicata. But neither the magistrate judge's report and recommendation nor the district court's order stated that res judicata was a basis for dismissal. The magistrate judge referenced Silvestar's earlier case simply to advise her that similar claims had failed as a matter of law once before; the report did not suggest that res judicata was a potential basis for dismissal.

*Second*, she contends that the court lacked jurisdiction to rule on her state law claims after it dismissed her federal law claims. But the district court had jurisdiction to consider those claims under the federal diversity jurisdiction statute; Silvestar does not contest that the parties were completely diverse and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a).

---

[1] We review the district court's dismissal under Rule 12(b)(6) for failure to state a claim de novo. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We review the district court's refusal to grant leave to amend for abuse of discretion. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).

2

*Third*, Silvestar challenges the dismissal of her fraud-based claims. But to obtain reversal of a judgment based on multiple, independent grounds, Silvestar needed to convince this Court that each stated ground was incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). She did not properly challenge one alternative basis for the court's dismissal of her fraud claims: that the four-year statute of limitations had run. Because Silvestar never addressed this ground in her initial brief, she forfeited any challenge on this basis; that means we cannot reverse the dismissal. *Id.* at 681–83.

*Fourth*, she contends that the court erred in dismissing her unconscionability claim. But the bar for establishing unconscionability is high—a contract is only unconscionable if it reflects an agreement "no sane man not acting under a delusion would make, and that no honest man would take advantage of." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1265 (11th Cir. 2017) (quoting *R.L. Kimsey Cotton Co., Inc. v. Ferguson*, 233 Ga. 962, 966 (1975)). Though she claimed that the terms of the mortgage loan she signed at closing were different than expected, she did not provide any factual allegations to state a plausible claim of procedural unconscionability. *Id.* She did not allege, for example, that the terms were not clearly disclosed or that she had no meaningful choice to reject them. *Id.* With respect to substantive unconscionability, she did not provide any factual allegations that would suggest that the terms of her contract were commercially unreasonable.

3

*Id.* The court therefore did not err in concluding that she did not state a plausible claim for relief.

*Fifth*, she alleges that the court violated her due process and equal protection rights by not giving her proper guidance on how to amend her complaint. Though she is right that courts should show leniency to pro se litigants, that does not mean that courts can serve as counsel by rewriting deficient pleadings. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). So when the court dismissed her complaint, it did not err in refusing to act as de facto counsel going forward. The court's orders gave Silvestar fair notice of the defects in her complaint and a meaningful chance to fix them, which is all that the court was required to do. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

*Finally*, she says that the district court erred in not giving her leave to file a second amended complaint. But the district court did not abuse its discretion in determining that any attempt to amend would be futile based on applicable Georgia law. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1340 (11th Cir. 2010). What's more, Silvestar never submitted a proposed second amended complaint or explained to the court what allegations she would add if given the chance. The court therefore did not abuse its discretion in denying her motion. *Id.*

**AFFIRMED.**

4