[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14857

Non-Argument Calendar

_____

STACEY HASLEM ROBERTS,

Plaintiff-Appellant,

*versus*

HOUSTON COUNTY SUPERIOR COURT,
Judge G.E. "Bo" Adams, et al.,

Defendants,

UNITED STATES POSTAL SERVICES,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00450-MTT

———————————

Before BRANCH and TJOFLAT, Circuit Judges.*

PER CURIAM:

Stacey Haslem Roberts, proceeding *pro se*, appeals the dismissal without prejudice of her action against the U.S. Postal Service ("USPS") for employment discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633(a)(2), and for violations of the Fifth and Eighth Amendments. On appeal, Roberts argues that she specifically presented to the District Court a complaint for employment discrimination, stated her claims and facts, indicated that she had exhausted her administrative remedies, and requested relief.

## I.

On November 30, 2020, Roberts filed an initial complaint against the Warner Robins Police Department, the Houston County Superior Court, the Atlanta Postal Credit Union, and the

---

* Due to the retirement of Judge Martin in September 2021, this case is decided by quorum. *See* 28 U.S.C. § 46(d).

Robins Financial Credit Union, alleging violations of her Fifth and Eighth Amendment rights, defamation of character, and cruel and unusual punishment.  Roberts alleged she was denied access to her "inheritance and wealth," requested to be exonerated of "all charges," and alleged she was held in a correctional institution without a public trial or due process.  In support of her complaint, Roberts attached a state court forfeiture order with respect to real property, her motion to reconsider a state court order, a state court order of distribution in an *in rem* civil action, and her USPS payroll records from June to November 2020.

The District Court ordered Roberts to amend her complaint because she did not explain how the named defendants violated her rights. The Court informed Roberts that the amended complaint would supersede the original complaint and that the amended complaint would not look back to the facts contained in the initial complaint.  The Court instructed Roberts to identify, in the body of the amended complaint, any and all defendants, the relief sought, and the facts describing exactly how the defendants violated her rights, warning her that failure to do so would result in the complaint being dismissed.  The Court also instructed her to state the status of her criminal case and to provide more information about an apparent *in rem* civil action that she had referenced in her original complaint.

Roberts then filed an amended complaint, against only the USPS, for employment discrimination in violation of Title VII and the ADEA.  Specifically, Roberts alleged that since July 2000 the

USPS had failed to rehire her, terminated her employment, failed to promote her, maintained unequal terms and conditions of her employment, retaliated against her, and violated the Fifth and Eighth Amendments, and continued to commit those acts against her.[1]  Roberts alleged that the USPS discriminated against her because she was African-American and because of her last name,[2] her brown skin, and her age.

Roberts indicated that she attached documents showing a "long journey" of unfairness, violations of the Fifth and Eighth Amendments, defamation of character, cruel and unusual punishment, loss of wages, trauma, stress, anguish, anxiety, and loss of promotions.  She indicated that she had been issued a notice of right to sue letter from the Equal Opportunity Commission.  Roberts requested relief in the form of lost wages and benefits, money damages equal or less than $500,000, and compensatory damages for personal injuries, stress, and anxiety, as well as punitive damages and injunctive relief.

---

[1] Roberts pleaded her amended complaint using an employment discrimination complaint form. Accordingly, many of her allegations were indicated by check boxes without any further factual allegations.

[2] Roberts' full name is "Stacey Haslem Roberts" and she identified herself as such on all her court filings.  While we refer to her as "Roberts," she indicated in her amended complaint that "Haslem" is her last name.

In support of her amended complaint, Roberts included a purported filing[3] that requested the release of grand jury documents pertaining to indictments against her and a declaratory judgment against a grand juror, the Warner Robins Police Department, and two credit unions, in order to dismiss the charges against her and to disclose the evidence that was heard by the grand jury. The document also raised claims for defamation of character and cruel and unusual punishment, sought damages for her emotional and physical injuries, and questioned whether she was insured by the Federal Deposit Insurance Corporation.

On December 22, 2020, the District Court dismissed her amended complaint without prejudice for failure to state a claim. The Court indicated that it previously had instructed Roberts to identify, in the body of her amended complaint, any and all defendants, the relief sought, and the facts describing exactly how the defendants violated her rights, and had warned that her failure to do so would result in the complaint being dismissed. The Court then found that, while Roberts attempted to raise a wide range of claims, she failed to explain how any of the facts contained in her

---

[3] This document appears to be related to the circumstances surrounding her original complaint, which requested exoneration from unspecified criminal charges and alleged that she was held in a correctional institution without due process. As explained *infra* Part III, Roberts does not clarify what specifically happened to her or how any of the alleged conduct relates to the USPS or her employment.

attached document related to the sole defendant in her amended complaint, the USPS.  Accordingly, the Court found that Roberts failed to state a claim, dismissed her amended complaint without prejudice, and entered judgment.

## II.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*  An appellant abandons a claim when: (a) he makes only passing references to it; (b) he raises it in a perfunctory manner without supporting arguments and authority; (c) he refers to it only in the "statement of the case" or "summary of the argument;" or (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments. *Id.* at 681.

Although we give liberal construction to *pro se* pleadings, we nevertheless require them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Furthermore, the leniency afforded *pro se* litigants with liberal

construction does not give the courts license to serve as "*de facto* counsel" or permit them to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal quotations and citation omitted).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted.  While a complaint "does not need detailed factual allegations," a plaintiff must plead "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in providing the grounds of his entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 555, 570, 127 S. Ct. at 1965, 1974.  A claim has facial plausibility when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

### III.

On appeal, Roberts argues that she specifically presented to the District Court a complaint for employment discrimination, stated her claims and facts, indicated that she had exhausted her administrative remedies, and requested relief.  She contends that the USPS denied her reinstatement, under the Family and Medical Leave Act, and violated Title VII by failing to promote her and

failing to conduct a speedy investigation of her over the four years when she was not able to work for the USPS; consequently, Roberts argues that she should be compensated for her lost salary and benefits and be awarded monetary damages, punitive damages, and injunctive relief.  Roberts also argues that the USPS: (1) engaged in retaliation, after she submitted a "Congressional Complaint," by issuing a notice of disciplinary action for her failure to maintain a regular work schedule; and (2) violated the ADEA, as she was over forty years old, by not allowing for any long-term job insurance plan when she was fired, causing her family undue hardship and stress.  Roberts contends that the USPS did not answer her employment discrimination complaint and that she faced Title VII retaliation and ADEA discrimination due to repeated discipline and complaints about her work performance.  The USPS did not file a response.

Roberts appears to challenge the District Court's order on grounds unrelated to the ground offered by the Court for dismissal of her complaint without prejudice.  The ground articulated by the Court, that she failed to allege sufficient factual allegations of how the USPS violated her rights, must be challenged in order to avoid affirmance.  *Sapuppo*, 739 F.3d at 680.  Roberts, instead, largely reiterates the contents of her amended complaint and does not address the Court's finding that she failed to state a claim because she did not provide any factual allegations of how the USPS violated her rights under Title VII, the ADEA, or the Fifth and Eighth Amendments.  Because Roberts has abandoned any challenge to

the ground on which the Court's judgment was based, we may affirm on this basis alone. *Id.*

But even if Roberts had properly challenged the District Court's order on appeal, the Court did not ultimately err in dismissing her amended complaint. The claims contained in Robert's amended complaint, i.e., that the USPS engaged in Title VII discrimination and retaliation, ADEA discrimination, and violated her Fifth and Eighth Amendment rights, were not pleaded with any factual allegations to raise a right to relief above the speculative level and to state a claim to relief that was plausible on its face. *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. Roberts merely pleaded, through the recitation of labels and conclusions, that the USPS did so, and the document accompanying her amended complaint did not in any way reference the USPS, its actions, or the actions of its employees. While *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim, and Roberts at no point indicated when she was employed, what her position was, why or when she was terminated, or what specifically the USPS did or failed to do. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

Although Roberts appears to allege additional facts on appeal about the USPS's conduct, the factual allegations still fail to specify which individuals allegedly violated her rights or when her rights were allegedly violated and thereby fail to raise a right to relief above the speculative level, to state a claim to relief that is

plausible on its face, or to give rise to a reasonable inference that USPS was liable for the alleged misconduct. *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, the District Court did not err in dismissing without prejudice Roberts' amended complaint for failure to state a claim.

## IV.

Accordingly, the District Court's dismissal without prejudice of Roberts' amended complaint is

**AFFIRMED.**