[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12166

Non-Argument Calendar

_____

CHERYL A. SALERNO,
EdD,

                                                Plaintiff-Appellant,

versus

THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA,
a Political subdivision of the state of Florida,

                                                Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-01735-RBD-DCI

————————————

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Cheryl Salerno ("Salerno") appeals following the dismissal of her civil complaint against her former employer, the Volusia County, Florida School Board (the "Board"), for violation of, *inter alia*, her procedural due process rights under 42 U.S.C. § 1983.[1]

## I.

Beginning in 2007, Salerno acted as Principal of Mainland High School. In this capacity, Salerno implemented Advanced Placement ("AP") testing for ninth grade students during the 2019 school year. AP courses include advanced content and offer a higher weighted grade. Because of the cost associated with AP testing, then Chief Academic Officer Teresa Marcks suggested giving

---

[1] Salerno also alleged a breach of contract claim, which the district court dismissed. Because she does not challenge that ruling on appeal, any issue in that respect is abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances).

the official AP test to a random sample of students, while the remaining students completed an unofficial test. The new testing experiment headed by Salerno was controversial. First, the Board received an anonymous complaint alleging Salerno was inflating student grade point averages by offering AP courses to every ninth grader. Second, the Florida Department of Education Office of the Inspector General received an anonymous complaint alleging Salerno was committing fraud by inflating the grades of all ninth graders despite administering the official AP test to only a few students.

Salerno met with the Manager of Office of Professional Standards, Robert Ouellette ("Ouellette"), and explained that it was Marcks who suggested testing students at random. Ouellette relayed this information to the Inspector General, who determined no financial fraud occurred. While Salerno's actions did not constitute financial fraud, Ouellette delivered a letter of reprimand to Salerno on June 26, 2019. Ouellette told Salerno the teacher grievance policy would be used.

During this same time, the Board received another anonymous complaint alleging Mainland High School violated state law by allowing two employees to work out of field as school counselors in addition to their respective teaching duties. And on August 5, 2019, while Salerno was in the process of working on her level 2 grievance paperwork, the Professional Standards Committee placed Salerno on paid administrative leave, delivered a statement of charges, and advised that her termination would be

recommended to the Board on August 28, 2019, for her decision to send employees to work out of field.

## II.

We review a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

An issue not raised in the district court and raised for the first time on appeal in a civil case will not be considered. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

## III.

The Fourteenth Amendment provides that no state may deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV.  The Due Process Clause requires that an individual be given appropriate notice and an opportunity to be heard before such a deprivation. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011).

For a procedural due process claim under § 1983, a plaintiff must allege facts showing, among other things, "a deprivation of a constitutionally protected . . . property interest." *See Spencer v. Benson*, 5 F.4th 1222, 1232 (11th Cir. 2021) (quotation marks omitted and alteration in original).  This requires "not only a constitutionally-protected property interest, but also a governmental deprivation of that constitutionally-protected property interest." *Arrington v. Helms*, 438 F.3d 1336, 1348 (11th Cir. 2006).

The "mere risk" of deprivation is insufficient to satisfy this element. *Id.* at 1348 n.12. Moreover, employee resignations are presumed to be voluntary and thus, cannot typically be a basis for the governmental entity depriving an employee of her property interest. *Hargray v. City of Hallandale*, 57 F.3d 1560, 1567-68 (11th Cir. 1995).

Rule 12(b)(6) permits defendants to move a district court to dismiss a case because the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient facts that, if true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959 (2007).

Reasonable inferences from the pleadings are construed in the light most favorable to the plaintiff. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks omitted). However, we have stated that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## IV.

6                    Opinion of the Court                    21-12166

The district court granted the Board's motion to dismiss because Salerno failed to allege that the Board terminated her. On appeal, she argues that her amended complaint alleged that she was a former employee of the Mainland High School (the "School") and that the Board had "pre-determined" its decision to terminate her. She also asserts, for the first time on appeal, that termination is not necessary to allege a violation of procedural due process, and that demotion could also trigger due process obligations.

Here, assuming *arguendo* that Salerno had a property interest in her employment at the School, her amended complaint did not state a plausible procedural due process claim, because she did not allege, either in her amended complaint or any of her other filings, that the Board fired her or involuntarily ended her employment. The Superintendent's letter did not terminate her employment, but rather, informed her that (1) her termination would be recommended to the Board, (2) she could contest her termination, and (3) she would be on paid administrative leave until the Board acted on his recommendation. The "mere risk" that the Board would accept the Superintendent's recommendation to fire her at its August 28, 2019, meeting did not establish that she had been deprived of a property interest. To conclude that she was deprived of her property interest in her continued employment with the School, the district court would have had to speculate that she no longer worked at the School because the Board terminated her employment, not because she voluntarily resigned. Finally, to the extent that Salerno now argues that she could allege a deprivation

21-12166                Opinion of the Court                    7

other than termination of employment, such as a demotion, we need not consider that argument because she did not raise it in the district court.  Accordingly, we affirm.

**AFFIRMED.**