[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11027

Non-Argument Calendar

_____

JAMIE KENNEDY,

Plaintiff-Appellant

*versus*

SECRETARY, DEPARTMENT OF DEFENSE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:21-cv-00333-RSB-CLR

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Jamie Kennedy is a Caucasian woman employed by the Defense Commissary Agency, an agency under the authority of the Secretary of the Department of Defense. Kennedy appeals from the dismissal, for failure to state a claim, of her third amended complaint alleging race-based employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e. After review,[1] we affirm.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Generally, a complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] We review a district court's ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

24-11027                Opinion of the Court                3

Title VII makes it unlawful for an employer to discriminate against an employee because of that employee's race.  42 U.S.C. § 2000e-2(a)(1).  A complaint raising a Title VII discrimination claim need only plead facts that "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (vacating a district court's application of the *McDonnell Douglas* framework when ruling on a motion for default judgment and holding the plausibility standard from *Iqbal* and *Twombly* should have been used instead).

Kennedy alleged that she was subjected to disparate treatment due to her race including (1) imposing a "No Contact" order against her, (2) placing her on an alternate shift, and (3) proposing a seven-day suspension based on a false accusation of having called a coworker a racial slur.  Accepting the allegations in Kennedy's third amended complaint as true and construing them in the light most favorable to Kennedy, Kennedy's complaint establishes that: (1) Kennedy complained to a supervisor about Roshonda Chavis, an African American coworker, using an iteration of the n-word in a customer-frequented area of the store during normal business hours; (2) Marites Pennington, a Filipina-American supervisor, told Kennedy that she did not like to date "white guys"; (3) Ellistina Redman, an African American coworker, made disparaging comments about Caucasians to Kennedy and used the n-word in Kennedy's presence; (4) Redman called Kennedy "a motherfucking bitch" and told Kennedy "[y]ou got messy" after Kennedy told a Caucasian coworker that Redman told Kennedy to avoid her;

(5) Redman falsely accused Kennedy of being racist and engaged in continuous harassing behavior toward Kennedy, even after Kennedy discussed the issue with a supervisor; (6) Redman falsely accused Kennedy of calling her the n-word and then repeated the false accusation to supervisors, despite Kennedy having a recording of the December 16, 2020, incident that proved her innocence; and (7) despite the fact that Kennedy showed her supervisors the recording and they agreed she did not use a racial slur in it, her supervisors took disciplinary action against her while declining to discipline Redman.

These facts do not "plausibly suggest that [Kennedy] suffered an adverse employment action due to intentional racial discrimination." *Surtain*, 789 F.3d at 1246; *see Iqbal*, 556 U.S. at 678. At most, they support an inference that Kennedy's supervisors disciplined her based on accusations of racist behavior that they knew were false, while simultaneously choosing not to punish Redman even after Kennedy complained that Redman was harassing her. However, punishing Kennedy based on false accusations that she engaged in racist harassment of Redman and called Redman a racial slur is not the same thing as punishing Kennedy because she is Caucasian. *See Surtain*, 789 F.3d at 1246; 42 U.S.C. § 2000e-2(a)(1). Even accepting Kennedy's statement that the false accusations of racism were particularly damaging to her reputation because she is Caucasian, this relates only to the impact of the false accusations and does not have any bearing on whether the decision to discipline her was racially motivated. Nor does the fact that Redman did not face any punishment support an inference that Kennedy

24-11027              Opinion of the Court                  5

was disciplined because of her race, as Kennedy's complaint does not indicate that she ever accused Redman of engaging in race-based harassment toward her and the mere fact that Kennedy and Redman are different races is not enough to plausibly suggest that Kennedy was disciplined because of her race. *See Surtain*, 789 F.3d at 1246.

While Pennington, a supervisor, had previously told Kennedy that she "d[idn't] even like white guys" and later participated in the decision to discipline her, this comment referred to Pennington's romantic preferences and was made in April of 2020, eight months before the December 2020 incident and subsequent decision to discipline Kennedy. Pennington's isolated comment about her romantic preferences does not—either alone or in combination with the other facts Kennedy alleged—support an inference that the decision to discipline Kennedy was motivated by her race. *See id.* Nor does Kennedy's complaint about coworker Chavis's language in October 2019 support an inference that the decision to discipline over a year later was motivated by race.

Kennedy's third amended complaint failed to plead facts plausibly suggesting she suffered adverse employment action due to intentional race-based discrimination. *See id.* Her complaint thus failed to state a claim for relief under Title VII. *See Iqbal*, 556 U.S. at 678; 42 U.S.C. § 2000e-2(a)(1). Accordingly, we affirm the district court's dismissal of her third amended complaint.

**AFFIRMED.**